COURT OF APPEALS OF VIRGINIA


Present:    Judges Frank, Petty and McClanahan
Argued at Richmond, Virginia


CHARLES CLARK, JANE CLARK, WILLIAM D. FRIERSON, III,
  GRACE A FRIERSON, CARMEN INFANTINO, GWEN INFANTINO,
  ROBERT T. LARNED, NANCY RUSSEL LARNED, GEORGE S. LODER,
  ELISABETH B. MARTINGAYLE, BARBARA L. MATACIA,
  ALEXANDER McARTHUR, BARBARA McARTHUR,
  BETTY JEAN McMURRAN, NICHOLAS S. MICHAELS,
  PATSY C. MICHAELS, BRUCE B. MILLS,                                  OPINION BY
  BRADLEY NOTT, JANE NOTT, CHARLES C. PAYNE,          JUDGE ROBERT P. FRANK
  CAROLYN C. PAYNE, HEATHER B. RICHARDSON AND            DECEMBER 8, 2009
  NOEL BRIDDELL SIMMONS

v.       Record No. 0925-09-1

VIRGINIA MARINE RESOURCES COMMISSION
  AND CITY OF VIRGINIA BEACH


          FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                            Glen A. Tyler, Judge

              Kevin E. Martingayle (Stallings & Bischoff, P.C., on briefs), for
              appellants.

              David C. Grandis, Assistant Attorney General (William C. Mims,
              Attorney General; Roger L. Chaffe, Senior Assistant Attorney
              General; Carl Josephson, Senior Assistant Attorney General, on
              brief), for appellee Virginia Marine Resources Commission.

              Natalie P. Mann, Assistant City Attorney (Mark Stiles, City
              Attorney; Christopher S. Boynton, Deputy City Attorney, on brief),
              for appellee City of Virginia Beach.


        Charles Clark and his 22 co-appellants appeal a circuit court order dismissing their appeal

from the Virginia Marine Resources Commission ("the Commission").  Appellants contend the

circuit court erred in dismissing the appeal because their petition for appeal did not contain

allegations sufficient to demonstrate that they have legal standing to appeal the Commission's

decision. Appellants also claim the circuit court erred in rejecting and overruling their motion for default/summary judgment and in refusing to allow them to file an amended petition. For the reasons stated, we reverse and remand.

BACKGROUND

Because this appeal is limited to the sufficiency of the pleadings, we need only recite those facts germane to the issue before us.

On May 27, 2008, the Commission conducted a hearing on an application from the City of Virginia Beach ("the City") to install a new stormwater outfall. Nearby property owners protested the project. Nevertheless, the Commission unanimously approved the project.

Appellants timely appealed the Commission's decision to the Virginia Beach Circuit Court on June 24, 2008, pursuant to Rule 2A:4. Appellants filed a petition for appeal on July 23, 2008. The Commission's hearing transcript was also filed on that date.

The petition for appeal referred to the May 27 hearing regarding the City's request to install a new stormwater outfall line, and it stated that the Commission "made decisions adverse and/or objectionable to appellants, giving rise to this appeal." The petition for appeal also specified seven assignments of error and offered six reasons why the Commission's decisions were unlawful. Appellants requested that the circuit court rule that there was insufficient evidence in the record to sustain the findings of the Commission, and sought that the Commission's approval of the City's request to install the new outfall line be reversed.

On August 18, 2008, the Commission and the City filed responsive pleadings requesting, *inter alia*, that the claims of some or all of the appellants be dismissed for lack of legal standing. The Commission also filed a motion to strike portions of appellants' petition for appeal. Appellants later filed an "Objection to VMRC Agency Record and Motion to Supplement and/or Hold an Evidentiary Hearing" and a "Motion for Default/Summary Judgment."

Appellants advised the circuit court that the Commission record had not yet been filed. The Commission responded that the record would be filed if its dispositive motions were not granted by the circuit court.[1]

On February 17, 2009, the circuit court conducted a hearing on the motions. In its order of April 1, 2009, the circuit court opined, "[a]ppellants' Petition for Appeal does not contain allegations sufficient to show that they have standing in this case, and the Court is of the view that [a]ppellants cannot assert a sufficient basis to establish standing in this case."[2] The circuit court further found:

> In view of the foregoing rulings, and for the reasons stated from the bench, the Court finds that it is not necessary to decide the Commission's Motion to Strike the Appeal of Specified Appellants, nor the remaining motions enumerated as numbers 2 and 3, above,[3] nor the other grounds for dismissal raised by the Commission in its Motion to Dismiss the Appeal.

The circuit court denied appellants' motion for default/summary judgment. In denying the motion, the circuit court found:

> It seems to me that the law is that the record should be filed just as the rule says. You should file it as promptly as the rule says. But that doesn't mean that if it isn't filed that the commission is in default and therefore the case is over in favor of appellants. It would be necessary for an appellant to show in no uncertain terms, in no uncertain terms that the appellant was prejudiced to the point that the appellant was unable to defend against these preliminary motions. And that is not the case in this case.

The circuit court also granted the Commission's motion to dismiss the appeals, and denied appellants' request for leave to amend their petition for appeal. This appeal followed.

---

[1] The record was ultimately filed on October 29, 2008.

[2] The order mirrors the court's ruling from the bench.

[3] This referred to the Commission's motion to strike and appellants' objection to VMRC agency record and motion to supplement and/or hold an evidentiary hearing.

ANALYSIS

Standing is a "preliminary jurisdictional issue having no relation to the substantive merits of an action." Andrews v. American Health & Life Ins. Co., 236 Va. 221, 226, 372 S.E.2d 399, 402 (1988). Standing is not concerned with whether or not a party will ultimately prevail on the legal merits of an issue but rather with the ability of a party to seek redress through the courts in the first place by demonstrating sufficient connection to, and actual or potential harm from, the law or action challenged.[4] The question of whether or not a litigant has standing is a question of law subject to *de novo* review on appeal. See Moreau v. Fuller, 276 Va. 127, 133, 661 S.E.2d 841, 845 (2008).[5]

The General Assembly provides a procedure for court review of certain actions taken by administrative agencies through the Administrative Process Act ("the Act"). Code § 2.2-4026. When the Act authorizes judicial review, it must be conducted "'in the manner provided by the rules of the Supreme Court of Virginia.'" Christian v. Va. Dep't of Soc. Servs., 45 Va. App. 310, 314, 610 S.E.2d 870, 872 (2005) (quoting Code § 2.2-4026). Part 2A of the Rules of the Virginia Supreme Court governs such appeals. Rule 2A:4(b) establishes the requirements for petitions for appeal and states, "[t]he petition for appeal shall designate the regulation or case decision appealed from, specify the errors assigned, state the reasons why the regulation or case

---

[4] Code § 2.2-4026 states, in relevant part,

> Any person affected by and claiming the unlawfulness of any regulation, or party aggrieved by and claiming unlawfulness of a case decision . . . shall have a right to the direct review thereof by an appropriate and timely court action against the agency or its officers or agents in the manner provided by the rules of the Supreme Court of Virginia.

[5] See State Water Control Bd. v. Crutchfield, 265 Va. 416, 578 S.E.2d 762 (2003), for a discussion of standing in appeals governed by the Virginia Administrative Process Act.

decision is deemed to be unlawful and conclude with a specific statement of the relief requested."

"Generally, rules governing appeal procedures are mandatory and 'compliance with them is necessary for the orderly, fair, and expeditious administration of justice.'" Mayo v. Dep't of Commerce, 4 Va. App. 520, 522, 358 S.E.2d 759, 761 (1987) (quoting Condrey v. Childress, 203 Va. 755, 757, 127 S.E.2d 150, 152 (1962)).  However, Rule 2A:4 makes no mention that standing must be pled.  The Commission argues that this matter should be dismissed because the petition for appeal failed to allege sufficient grounds to establish standing.  This argument should be addressed to the merits *of* the appeal, not the petition *for* appeal.

Rule 2A:4 sets forth the only requirements for a legally sufficient petition for appeal. The Rule is silent as to any requirement that the petition set forth the legal basis for standing. We should give the language of the Rule its plain meaning.  See Davenport v. Little-Bowser, 269 Va. 546, 555, 611 S.E.2d 366, 371 (2005); see also Mayo, 4 Va. App. at 523, 358 S.E.2d at 761 (equating the interpretation of rules with the interpretation of statutes).

In Mayo, appellant asserted that under a "reasonable construction of the Rules of the Supreme Court" the circuit court could extend Rule 2A:4's time limitation.  This Court disagreed, stating:

> [t]he absence of an express provision in Part Two A of the Rules empowering the circuit court to extend the time limits prescribed in Rule 2A:4 is persuasive evidence that no such provision applies to petitions for circuit court review of administrative agency decisions.  Furthermore, to hold . . . that a motion to extend the time limit of Rule 2A:4 constitutes "further proceedings" under Rule 2A:5 would circumvent the clear intent of the scheme laid down in the rules.

4 Va. App. at 523-24, 358 S.E.2d at 761-62.

Similarly, in this case, the failure of Rule 2A:4 to require allegations of standing in the petition for appeal is persuasive evidence that no such requirement exists.  If Rule 2A:4 was

- 5 -

intended to require such an allegation, the Rule would have so stated. It is not the role of this Court to amend the Rules by adding additional requirements to Rule 2A:4.

The Commission argues that appellants' pleading was deficient and therefore fatal to their appeal. In support of this contention, the Commission cites only <u>Ted Lansing Supply Co. v. Royal Aluminum & Const. Corp.</u>, 221 Va. 1139, 1141, 277 S.E.2d 228, 229-30 (1981), which states that "no court can base its judgment or decree upon facts not alleged or upon a right which has not been pleaded and claimed." However, the holding in that case is clearly distinguished from the matter now before this Court.

In <u>Ted Lansing</u>, appellant filed motions for judgment against appellee for failure to pay its account. Appellee filed a counterclaim for breach of an express warranty. Appellant then moved for summary judgment on the ground that no express warranty had been made or breached. The trial court sustained appellant's motion, but *sua sponte* interjected an implied warranty of fitness or merchantability and submitted the case to the jury on that theory. Appellee had made no mention of any implied warranty theories. The Supreme Court of Virginia reversed the trial court for submitting the case to the jury on a theory not raised in the pleadings. <u>Ted Lansing</u> is inapposite to this appeal, where appellants' petition for appeal clearly stated their allegations of error. <u>Ted Lansing</u> involved a new theory of recovery raised *sua sponte* by the trial court and not pled by the appellee in its counterclaim.

<u>Ted Lansing</u> limits the theory of recovery to those advanced in the pleadings. The case stands for the proposition that "a plaintiff may not recover upon a cause of action she failed to plead," <u>Jones v. Ford Motor Co.</u>, 263 Va. 237, 261, 559 S.E.2d 592, 604 (2002), because "[e]very litigant is entitled to be told in plain and explicit language the adversary's ground of complaint," <u>Hensley v. Dreyer</u>, 247 Va. 25, 30, 439 S.E.2d 372, 375 (1994). <u>Ted Lansing</u> cannot be read to require that subject matter jurisdiction be pled, particularly in light of the language of

Rule 2A:4.  In this case, appellees did not claim appellants failed to plead their theory of relief. Therefore, Ted Lansing does not apply.

The petition for appeal in this case complied with Rule 2A:4(b)[6] and contained all of the elements required by the rule.  The circuit court improperly expanded the requirements of the rule when it found appellants' petition for appeal insufficient to establish standing.  The circuit court erred in dismissing the appeal without an evidentiary hearing on the issue of standing.[7] Appellants were entitled to present evidence on this issue because the Commission raised the issue for the first time in circuit court following the filing of appellants' petition for appeal.  For that reason, appellants' standing could not be decided by the circuit court based on the record from the proceedings before the Commission.  The standing requirement for challenging the Commission's decision is set forth in Code § 38.2-1205(F), which provides that "[a]ny person aggrieved by a decision of the Commission under this section is entitled to judicial review in accordance with the provisions of the Administrative Process Act (§ 2.2-4000 *et seq.*)." Accordingly, upon the Commission's assertion in circuit court that the appellants lacked standing to pursue their appeal, it was the appellants' burden to present evidence establishing that they were so "aggrieved."  See Biddison v. Virginia Marine Resources Commission, 54 Va. App. 521, 680 S.E.2d 343 (2009) (reversing circuit court's ruling that appellant property owners failed to present sufficient evidence to establish standing to challenge Commission's issuance of permit). It is thus axiomatic that appellants are entitled to an evidentiary hearing in circuit court on the issue of standing.

---

[6] Appellees do not contend that the petition for appeal is otherwise deficient.

[7] We do not determine whether appellants have standing and are aggrieved parties.  We do not address the merits of appellants' appeal from the Commission.  The only issue before us is the sufficiency of the pleadings.

The City contends that an evidentiary hearing is unnecessary, because appellants proffered to the circuit court the reasons they were aggrieved by the Commission's decision. This argument is without merit. The "proffer" was merely a general statement by appellants' counsel in response to a question by the circuit court in reference to amending the petition for appeal, which the court posed during a hearing for argument on the parties' respective motions.[8] Given appellants' right to present evidence on the issue of standing, this limited exchange cannot be deemed a meaningful substitute for the appellants' significant evidentiary right. We therefore conclude an evidentiary hearing is necessary to determine if appellants are aggrieved parties in this matter.

Appellants also assert that the circuit court erred in overruling their motion for default/summary judgment. Appellants allege that by not forwarding the record until October 29, 2008, the Commission violated Rule 2A:3 and is in default, requiring that summary judgment be awarded appellants. Rule 2A:3(b) states, in relevant part:

> The agency secretary shall prepare and certify the record as soon as possible after the notice of appeal and transcript or statement of testimony is filed and shall, as soon as it has been certified by him,

---

[8] The circuit court stated to appellants' counsel, "Tell me what you would do in this case *if you had leave to amend*," and then asked, "How would you cure what [the Commission] claim[s] to be defects [in the petition for appeal]?" (Emphasis added.) Counsel responded, in part:

> I can beef up the statements relating to how and why the various appellants have standing as aggrieved parties. So I can add facts there if that's deemed necessary at this juncture.
>
> \*      \*      \*      \*      \*      \*      \*
>
> But I'm not clear at this point what, if anything, you think may be a problem with respect to the way the appeal has been brought forward. I think I can probably cure through additional legal allegations and factual allegations anything you believe is defective.

transmit the record to the clerk of the court named in the notice of appeal.

In this case, the Commission forwarded the record three months after the hearing transcript had been filed, but four months before the hearing on the motions.

Although Rule 2A:3(b) uses the word "shall," we do not construe this as a legislative declaration making compliance mandatory. The Supreme Court of Virginia has previously addressed statutes directing an act through the word "shall," and concluded that "'[a] statute directing the mode of proceeding by public officers is to be deemed directory, and a precise compliance is not to be deemed essential to the validity of the proceedings, unless so declared by statute.'" Commonwealth v. Rafferty, 241 Va. 319, 324, 402 S.E.2d 17, 20 (1991) (quoting Nelms v. Vaughan, 84 Va. 696, 699, 5 S.E. 704, 706 (1888)). Further, appellants do not argue that Rule 2A:3 is mandatory or jurisdictional. Indeed, the use of the subjective language "as soon as possible" belies any jurisdictional requirement.

Not only was the Commission's delay in filing the record not fatal, it did not prejudice appellants. In the circuit court, appellants argued the delay was prejudicial, but they provided no specific facts supporting that argument. The Commission and the City argued that there was no prejudice, and further, that the City would be prejudiced by a default judgment, because even though it had no control over the agency record, it would not be able to proceed with the stormwater project. Appellants alleged that the Commission's delay was deliberate, in order to allow the City to satisfy additional permit requirements. However, we would have to engage in speculation and conjecture to find prejudice to appellants. We must remember that appellants had the agency record for four months prior to the motions hearing. Appellants did not argue they were unprepared to argue their motions, nor that they were unable to proceed with their

appeal. Appellants failed to show that the Commission's delay in filing the record prejudiced their ability to pursue the appeal, and in fact, the circuit court ruled that it did not.[9]

With respect to appellants' contention that the circuit court erred in rejecting or refusing to consider the appellants the relief they requested in their "Objection to VMRC Agency Record and Motion to Supplement and/or Hold an Evidentiary Hearing," we are unable to reach the issue, because the circuit court never ruled on it. After denying appellants' motion for default/summary judgment and finding that appellants did not have and could not establish standing, the circuit court stated:

> In view of the foregoing rulings, and for the reasons stated from the bench, the Court finds that it is not necessary to decide the Commission's Motion to Strike the Appeal of Specified Appellants, nor the remaining motions enumerated as numbers 2 and 3 above, nor the other grounds for dismissal raised by the Commission in its Motion to Dismiss the Appeal.

The circuit court did not deny appellants the relief they requested in their "Objection to VMRC Agency Record and Motion to Supplement and/or Hold an Evidentiary Hearing." Appellants had a duty to obtain a ruling from the circuit court. See Juniper v. Commonwealth, 271 Va. 362, 383, 626 S.E.2d 383, 398 (2006). Because of the trial court's ruling on standing, it was not necessary to address the additional objections and motions. Because the record does not show that the trial court ruled on appellants' argument, there is no ruling of the trial court for this Court to review on appeal. See Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998); Fisher v. Commonwealth, 16 Va. App. 447, 454, 431 S.E.2d 886, 890 (1993).

---

[9] A trial court's determination of prejudice is a factual finding and should be set aside only if it is patently unreasonable. Deville v. Commonwealth, 47 Va. App. 754, 758, 627 S.E.2d 530, 532 (2006).

## CONCLUSION

For the foregoing reasons, we hold that the circuit court erred in finding appellants' petition for appeal insufficient and in dismissing the appeal. Therefore, we reverse the circuit court and remand for further proceedings consistent with this opinion. Further, upon remand, if the circuit court finds that appellants have standing, then it shall address appellants' "Objection to VMRC Agency Record and Motion to Supplement and/or Hold an Evidentiary Hearing."

Reversed and remanded.