COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Powell and Senior Judge Annunziata
Argued at Alexandria, Virginia


ELISHA ALEXANDER PARKER, SR.
                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 0952-09-4                        JUDGE LARRY G. ELDER
                                                          JUNE 22, 2010
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                             J. Martin Bass, Judge

        Brian S. Foreman (Bowen, Champlin, Foreman & Rockecharlie,
        on brief), for appellant.

        Karen Misbach, Assistant Attorney General II (Kenneth T.
        Cuccinelli, II, Attorney General, on brief), for appellee.


        Elisha Alexander Parker, Sr. (appellant), appeals from his jury trial convictions for failing

to report a hit-and-run accident as a passenger in violation of Code § 46.2-895, and unauthorized

use of a motor vehicle, in violation of Code § 18.2-102.  He was acquitted of several offenses

that would have required a finding that he was the driver of the vehicle rather than a passenger.

On appeal, he contends the trial court erred in (1) denying his motion to strike the

Commonwealth's evidence; (2) failing to require the Commonwealth to elect between theories of

the case to prosecute him for either driving the vehicle or being a passenger, but not both in a

single proceeding; and (3) holding the evidence was sufficient to support his conviction for

unauthorized use.  We hold that, to the extent appellant preserved these assignments of error for

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

appeal, the trial court committed no reversible error. Thus, we affirm appellant's convictions and remand solely for the correction of a clerical error.[1]

I.

BACKGROUND

Around December 18, 2007, Leon Polite parked his truck at appellant's house "for safekeeping" when Polite left town for a funeral. Polite knew appellant did not have a driver's license and had never seen him drive. Polite did not loan the vehicle to appellant to drive and did not give appellant permission to drive the vehicle or to allow anyone else to do so. Polite left the keys in his truck's ignition only so that a licensed driver like appellant's fiancée or one of his sons could move the vehicle if its location in front of appellant's garage was inconvenient, so "they could get another car in and out of their garage or something."

While Polite's truck was at appellant's residence, appellant and George Syrkes used Polite's truck and had an accident in it. The truck immediately fled the scene, and none of the witnesses to the accident was able to say who had been driving the truck. When police contacted appellant and Syrkes about the accident, Syrkes claimed appellant had been driving the truck at the time of the accident, and appellant claimed Syrkes had been driving.

The Commonwealth sought indictments against appellant under alternative theories. It obtained several indictments against him which presupposed he was the driver of the vehicle, including feloniously failing to stop at the scene of an accident in violation of Code § 46.2-894. It also obtained an indictment against him that presupposed he was merely a passenger in the

---

[1] The final sentencing order correctly reflects that appellant was convicted for the offense of "Hit & Run, Passenger failure to report," but that order erroneously cites Code § 46.2-894, which proscribes a *driver's* failure to report. Thus, we remand to the trial court for the sole purpose of correcting this clerical error to reflect that appellant was convicted for violating Code § 46.2-895.

vehicle, feloniously failing to report an accident occurring while riding as a passenger in violation of Code § 46.2-895. Finally, it obtained an indictment against appellant for unauthorized use of the truck. The jury acquitted appellant of the offenses requiring proof he was the driver and convicted him of the offense requiring proof he was a passenger. It also found him guilty of unauthorized use.

II.

ANALYSIS

Rule 5A:18 provides that "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Absent invocation of an applicable exception to the rule, we may not consider on appeal an argument that was not presented, with specificity, to the trial court. See, e.g., Correll v. Commonwealth, 42 Va. App. 311, 324, 591 S.E.2d 712, 719 (2004), aff'd on other grounds, 269 Va. 3, 607 S.E.2d 119 (2005). A general objection made "for the record" is insufficient. Royal v. Commonwealth, 2 Va. App. 59, 62, 341 S.E.2d 660, 662 (1986). Not only must a litigant *raise* the issue in the trial court in a timely fashion, but he must also *obtain a ruling* from the court on the issue if he wishes to raise it on appeal. Schwartz v. Commonwealth, 41 Va. App. 61, 71, 581 S.E.2d 891, 896 (2003).

Here, appellant failed to meet the requirements of Rule 5A:18. First, his motion to strike at trial was not made with the requisite specificity. Appellant, who was on trial for five different offenses, said merely, "I'd like to make a motion to strike. . . . No argument." Appellant now contends the trial court should have granted the motion to strike the "hit and run passenger charge" because the Commonwealth presented a *prima facie* case that appellant was the driver rather than a passenger. He also contends the trial court should have granted the motion as to the

unauthorized use charge because the Commonwealth's evidence showed the truck's owner left his keys in the vehicle and that appellant's possession of the truck was clearly consensual. Because appellant did not make either of these specific objections in his motion to strike, that motion failed to preserve the objections for appeal. See Redman v. Commonwealth, 25 Va. App. 215, 220, 487 S.E.2d 269, 272 (1997). Further, the trial court stated only, "Viewing the evidence as the Court is required to do, the motion to strike is denied." Thus, we are unable to conclude the trial court, in denying appellant's motion to strike, had an opportunity to address the issue appellant now raises.

Appellant also relies on his post-trial motion to set aside the verdict, contending it preserved for appeal not only the above objections but also his claim that the court erred in failing to require the Commonwealth to elect whether it wished to proceed as if appellant was the driver of the vehicle or, instead, was merely a passenger. We hold appellant's post-trial motion failed to preserve any of these assignments of error for appeal.

Rule 5A:18 requires a litigant to give the trial court an opportunity to consider and rule on a motion at a time when it still has jurisdiction to make a ruling correcting any error.

> "Neither the filing of post-trial or post-judgment motions, nor the court's taking such motions under consideration, nor the pendency of such motions on the twenty-first day after final judgment is sufficient to toll or extend the running of the 21-day period prescribed by Rule 1:1 . . . . The running of the time . . . may be interrupted only by the entry, within the 21-day period after final judgment, of an order suspending or vacating the final order."

D'Alessandro v. Commonwealth, 15 Va. App. 163, 166-67, 423 S.E.2d 199, 201 (1992) (quoting Sch. Bd. of Lynchburg v. Caudill Rowlett Scott, Inc., 237 Va. 550, 556, 379 S.E.2d 319, 323 (1989) (citations omitted)). A trial court's failure to rule on a motion pending on the twenty-first day is not tantamount to a denial of the motion on the merits for purposes of appeal. E.g., Clark v. Va. Marine Res. Comm'n, 55 Va. App. 328, 339-40, 685 S.E.2d 863, 869 (2009). Here,

- 4 -

because appellant failed to obtain a ruling on his motion to set aside the verdict while the trial court retained jurisdiction over the case, we have nothing to review on appeal. See id.

Appellant avers in the alternative that we should apply Rule 5A:18's "ends of justice" exception to review his assignments of error. The "ends of justice" exception to Rule 5A:18 is "narrow and is to be used sparingly." Bazemore v. Commonwealth, 42 Va. App. 203, 219, 590 S.E.2d 602, 609 (2004) (en banc). In order for us to apply the exception, it must be apparent from the face of the record that an error occurred which was "clear, substantial and material." Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989). We detect no such error on the record before us.

First, as to appellant's challenge to the denial of his motion to strike the Commonwealth's evidence on the "hit and run passenger charge," settled principles provide that once a defendant elects to introduce evidence in his behalf, any subsequent challenge to the sufficiency of the evidence may be only to the sufficiency of *all* the evidence—the entire record. Murillo-Rodriguez v. Commonwealth, 279 Va. 64, 74 & n.3, 82-83, 688 S.E.2d 199, 204-05 & n.3, 209 (2010). Because appellant's evidence supported a finding that he was a passenger in the truck rather than the driver, the record fails to reveal a "clear, substantial and material" error. Thus, the ends of justice exception does not apply to this assignment of error.

Even if appellant had opted not to present evidence, the result would be the same. The Commonwealth presented both the testimony of Syrkes that *appellant* was driving and evidence of appellant's statement to Trooper Oliver that *Syrkes* was driving and that he, appellant, was merely a passenger. "'[W]hen two or more witnesses introduced by a party litigant vary in their statements of fact, such party has the right to ask the court or jury to accept as true the statements most favorable to him.'" Ravenwood Towers, Inc. v. Woodyard, 244 Va. 51, 55, 419 S.E.2d 627, 629 (1992) (quoting Massie v. Firmstone, 134 Va. 450, 462, 114 S.E. 652, 656 (1922)).

Here, the evidence, viewed in the light most favorable to the Commonwealth's indictment for "hit and run passenger" was appellant's statement, admitted through Trooper Oliver, that he was merely a passenger in the vehicle.

Second, we discern no basis for concluding the trial court committed "clear, substantial and material error" by failing to require the Commonwealth to elect between prosecuting appellant for those offenses requiring proof that he was the driver of the vehicle and the offense requiring proof he was a passenger. As appellant recognizes, a prosecutor has the discretion to "file" a "charge" or "bring [one] before a grand jury" "so long as [he] has probable cause to believe that the accused committed an offense defined by statute." Bordenkircher v. Hayes, 434 U.S. 357, 364, 98 S. Ct. 663, 668, 54 L. Ed. 2d 604, 611 (1978). Probable cause requires "a reasonable ground for the belief of guilt." Brinegar v. United States, 338 U.S. 160, 175, 69 S. Ct. 1302, 1310, 93 L. Ed. 1879, 1890 (1949). "[It] does not require the same type of evidence of each element of the offense as would be needed to support a conviction." Adams v. Williams, 407 U.S. 143, 149, 92 S. Ct. 1921, 1924, 32 L. Ed. 2d 612, 618 (1972).

Where the Commonwealth charges a defendant with "alternative" or "conflicting" offenses, "[w]hether the Commonwealth should be compelled to elect [between those offenses] is ordinarily within the sound judicial discretion of the trial judge, whose decision will not be reversed on appeal unless it appears the rights of the accused may have been adversely affected." Bryant v. Commonwealth, 189 Va. 310, 315, 53 S.E.2d 54, 56 (1949). Circumstances supporting a ruling that the rights of the accused may have been adversely affected might include those "appear[ing to indicate] that the accused would be put to a disadvantage in presenting his defense, or that the minds of the jury might be confused or distracted from proper consideration of the evidence on the main issues." Id. Absent circumstances supporting such a ruling, "the Commonwealth is free to charge the commission of a single offense in several different ways in

order to meet the contingencies of proof." Buchanan v. Commonwealth, 238 Va. 389, 397, 384 S.E.2d 757, 762 (1989).

Here, the only issue that existed under the charges for which appellant was on trial was "who was driving that vehicle" at the time of the accident. The Commonwealth had probable cause to support each set of charges: Syrkes' testimony supported the charges that appellant was driving, and appellant's statements to Trooper Oliver supported the charge that he was merely a passenger. The Commonwealth properly presented the issue to the jury to determine the credibility of the conflicting accounts. See id. (approving trial on an indictment for a single offense, which, in the first count, "charge[d] both defendants with inflicting the bodily injuries, and [in] the other two [counts] charge[d] one of the defendants as principal and the other as an aider and abettor").

Third, the record also fails to show the trial court committed "clear, substantial and material" error in convicting appellant for unauthorized use of Polite's truck. Appellant contends the record affirmatively proves an element of the offense did not occur, see Redman, 25 Va. App. at 221, 487 S.E.2d at 272, because it shows he and Polite had no discussion about whether appellant could or could not use the vehicle in Polite's absence. As a result, contends appellant, "the record affirmatively shows that appellant did not possess the *mens rea* required for an unauthorized use." Polite testified he parked the vehicle at appellant's house "for safekeeping" when he left town for a funeral. The fact that Polite and appellant may not have discussed whether appellant might use the vehicle or allow someone else to do so does not constitute affirmative proof that appellant lacked the requisite intent to commit the offense of unauthorized use. To the contrary, Polite's testimony that he did not give appellant permission

- 7 -

to drive the vehicle or to allow anyone else to do so[2] leaves open the possibility that appellant, knowing he lacked express consent to use the truck, chose to use it anyway (either directly or through Syrkes) with the intent to deprive Polite of his constructive possessory interest. See Overstreet v. Commonwealth, 17 Va. App. 234, 236, 435 S.E.2d 906, 908 (1993). Because appellant failed to prove an element of the offense did not occur, the ends of justice exception does not apply.

III.

For these reasons, we affirm appellant's convictions and remand solely for the correction of a clerical error. See supra note 1 and accompanying text.

Affirmed and remanded with instructions.

---

[2] Polite testified he left the keys in the vehicle to permit a licensed driver to make any slight movement in the position of the truck that might be necessary to allow appellant to gain access to his garage.