Present: Kinser, C.J., Lemons, Goodwyn, and Millette, JJ., and Lacy and Koontz, S.JJ.

VIRGINIA MARINE RESOURCES COMMISSION

v. Record No. 100034

OPINION BY SENIOR JUSTICE
ELIZABETH B. LACY
APRIL 21, 2011

CHARLES CLARK, ET AL.

CITY OF VIRGINIA BEACH

v. Record No. 100043

CHARLES CLARK, ET AL.

FROM THE COURT OF APPEALS OF VIRGINIA

In these combined appeals, we consider whether the Court of Appeals erred in reversing the judgment of the Circuit Court of the City of Virginia Beach dismissing a petition for appeal from a decision of the Virginia Marine Resources Commission (VMRC) because the petition did not contain allegations sufficient to demonstrate standing.

BACKGROUND

The City of Virginia Beach filed an application with the VMRC to install a stormwater outfall pipeline (the pipeline project) in, on and over state-owned bottomlands located ocean-ward of 61st Street in Virginia Beach. The proposed pipeline project consisted of a 48-inch concrete outtake pipe that would be installed in the subaqueous ocean bottom for a distance of 940 feet from the mean low-water mark for the discharge of storm

water. The pipe would be buried 10 feet below the mean low-water mark.[1]

On May 27, 2008, the VMRC conducted a public hearing pursuant to Code § 28.2-1205 to consider the City's application. At the hearing, a number of persons who resided at or owned property located on or near 61st Street and the Virginia Beach ocean front (collectively "the Residents") appeared in opposition to the pipeline project arguing that the pipeline project was not needed, posed environmental and water quality concerns, and was not consistent with other discharge pipelines that extended 2000 feet into the ocean. After reviewing the VMRC staff recommendations, testimony presented on behalf of the City, project supporters, and project protesters, and the documents and correspondence produced at the hearing, the VMRC unanimously voted to approve the pipeline project on the condition that the pipeline be extended from 940 feet to 2000 feet.

The Residents appealed the VMRC's decision to the Circuit Court of the City of Virginia Beach pursuant to Code § 28.2-

---

[1] In conjunction with the pipeline project, the City planned to build a pumping station in the median of 61st Street. Permits with regard to the pumping station were not within the jurisdiction of the VMRC and not part of the City's application.

1205(F).[2]  In their petition for appeal, the Residents alleged, in part, that "the VMRC made decisions adverse and/or objectionable to appellants, giving rise to this appeal."  The VMRC filed a motion to dismiss the appeal challenging the sufficiency of the Residents' pleading arguing that, pursuant to Code § 28.2-1205(F), only persons aggrieved by a decision of the VMRC are entitled to judicial review of the decision and the Residents here failed to allege how they may be aggrieved.  The City, in its answer and affirmative defenses, also asked the circuit court to dismiss the petition for appeal arguing that the Residents did not allege a "proper jurisdictional basis" for the appeal because they "fail[ed] to allege how they are aggrieved" by the VMRC's decision.

The circuit court heard arguments on the standing issue raised by the VMRC and the City and concluded that the Residents' petition alleged only "non-particularized claims of harm" which did not establish standing.  In response to the circuit court's inquiry asking the Residents' counsel what he "would do" if granted leave to amend the pleadings, counsel for the Residents responded that, although he believed the petition was sufficiently pled, he could "beef up the statements relating to how and why the various appellants have standing as aggrieved

_____

[2] The group protesting the project initially consisted of 29 residents; however, only 20 of those residents are participating in this appeal.

3

parties" and he would add "the pollution and health concerns

. . . explained to the VMRC."  The circuit court entered an order dismissing the Residents' petition for appeal and denied the Residents' motion to amend the petition for appeal.

The Residents appealed to the Court of Appeals arguing, as relevant here, that their petition for appeal of the VMRC decision contained allegations sufficient to establish legal standing and the circuit court erred in dismissing the petition. The Residents also assigned error to the circuit court's denial of their request to amend the petition.  The Court of Appeals held that Rule 2A:4 which governs the petitions for appeal from agency decisions did not require the petition to contain allegations to establish standing and therefore the circuit court "improperly expanded the requirements of the rule" and erred in dismissing the Residents' appeal for failure to allege standing.  Clark v. Virginia Marine Res. Comm'n, 55 Va. App. 328, 336-37, 685 S.E.2d 863, 867 (2009).  The Court of Appeals remanded the case for an evidentiary hearing on the standing issue.  Id. at 337-38, 685 S.E.2d at 867-68.

The VMRC and the City each filed an appeal to this Court assigning error to the Court of Appeals' judgment.  The Residents filed an assignment of cross-error in both appeals, in which they asserted that the Court of Appeals erred in remanding the case for an evidentiary hearing and argued such hearing was

4

unnecessary because the record demonstrated that the Residents were aggrieved parties with standing to maintain the appeal. Having determined that the decision of the Court of Appeals involves matters of significant precedential value, Code § 17.1-410(B), we granted the appeals filed by the VMRC and the City and the cross-error assigned by the Residents and combined the appeals for consideration here.

DISCUSSION

The Court of Appeals based its decision reversing the judgment of the circuit court on its application of Rule 2A:4. Subsection (b) of that Rule states that a petition for appeal

> shall designate the regulation or case decision appealed from, specify the errors assigned, state the reasons why the regulation or case decision is deemed to be unlawful and conclude with a specific statement of the relief requested.

Because the Rule does not specifically state that a petition for appeal must contain facts supporting a petitioner's standing to prosecute the appeal, the Court of Appeals concluded that such allegations are not necessary and the Residents' petition was sufficient to withstand the motion to dismiss challenging the Residents' standing. This construction and application of the Rule misconstrues the role of the rules in such appeals and is inconsistent with established relevant principles of jurisprudence.

5

The Court of Appeals' opinion states that Rule 2A:4 sets out the "only requirements" for a legally sufficient petition for appeal and because the petition for appeal contained allegations regarding those required items, it was sufficient. 55 Va. App. at 334, 685 S.E.2d at 866. In concluding that the Residents' petition for appeal was sufficient, the Court of Appeals effectively eliminated consideration of dispositive motions based on issues other than compliance with the pleading requirements contained in Rule 2A:4.[3] The Rule has never been applied in this manner.

Rule 2A:4 was enacted to address the manner of conducting a direct review of agency regulations and case decisions. See Code § 2.2-4026. The Rule cannot supersede or displace other statutes relevant to the appeal. See Code § 2.2-4000. Code § 28.2-1205(F) provides that only a "person aggrieved" by a decision of the VMRC is entitled to judicial review of that decision. Thus, compliance with Rule 2A:4 does not insulate a petition from a dispositive motion based on the failure to include allegations to show that the petitioner had the requisite standing to pursue the appeal. See e.g., Philip Morris USA, Inc. v. Chesapeake Bay Found., Inc., 273 Va. 564, 577, 643 S.E.2d 219, 226 (2007); Mattaponi Indian Tribe v.

---

[3] Examples of such dispositive motions include demurrers or motions to dismiss in which no evidence was taken.

6

<u>Commonwealth</u>, 261 Va. 366, 375-76, 541 S.E.2d 920, 924-25 (2001).

In this case, the VMRC filed a motion to dismiss asserting that the petition only alleged that the VMRC decision was "adverse and/or objectionable to appellants" and that this statement was insufficient to qualify the Residents as "aggrieved." The Residents' petition for appeal was not insulated from consideration of the motion to dismiss simply because the petition for appeal satisfied the four elements set out in Rule 2A:4(b) and, in resolving the matter solely by reference to the Rule, the Court of Appeals erred.

The Court of Appeals' decision was also inconsistent with long standing case law. It is beyond debate that "[n]o court can base its decree upon facts not alleged, nor render its judgment upon a right, however meritorious, which has not been pleaded and claimed. Pleadings are as essential as proof, the one being unavailing without the other." <u>Potts v. Mathieson Alkali Works</u>, 165 Va. 196, 207, 181 S.E. 521, 525 (1935) (citation omitted); <u>Ted Lansing Supply Co. v. Royal Aluminum & Const. Corp.</u>, 221 Va. 1139, 1141, 277 S.E.2d 228, 229 (1981). Inherent in these principles is the premise that the "right" which the litigant seeks to assert is a right which the litigant is entitled to assert against the defendant. Indeed, no one would suggest that a person can be awarded relief against a

7

defendant based on a complaint asserting a claim belonging to another. Thus our cases, including cases considering appeals from agency decisions decided on demurrer, have consistently looked to the pleadings to determine whether the petitioner has pled sufficient facts to establish the petitioner's right or standing to advance the appeal. See e.g., Philip Morris, 273 Va. at 577, 643 S.E.2d at 226; Barber v. VistaRMS, Inc., 272 Va. 319, 327-28, 634 S.E.2d 706, 711 (2006); Mattaponi Indian Tribe, 261 Va. at 375-76, 541 S.E.2d at 924-25; Keepe v. Shell Oil Co., 220 Va. 587, 589-90, 260 S.E.2d 722, 723-24 (1979); Strader v. Metropolitan Life Ins. Co., 128 Va. 238, 245, 105 S.E. 74, 76 (1920).

The judgment of the Court of Appeals directly contradicts these cases and principles. The Court of Appeals determined that the petition was sufficient without allegations that the Residents were "aggrieved" by the VMRC decision and that the Residents could comply with the standing requirement through an evidentiary hearing. The Court of Appeals did not suggest that any amendment to the pleadings would be necessary if standing was established. The Court of Appeals' judgment, therefore, allows recovery based on facts not pled which is in direct contradiction to the principles set out above.

We now turn to the assertions by the VMRC and the City that the Court of Appeals erred in reversing the circuit court's

8

determination that the Residents' pleadings were insufficient to show that they were persons aggrieved by the VMRC decision.

Because no evidence was taken with regard to the motion to dismiss we treat the factual allegations in the petition as we do on review of a demurrer. Glisson v. Loxley, 235 Va. 62, 64, 366 S.E.2d 68, 69 (1988). Whether those factual pleadings are sufficient to establish standing, that is whether the Residents were aggrieved, is a matter of law reviewed under a de novo standard. Philip Morris, 273 Va. at 572, 643 S.E.2d at 223.

As discussed above, a person seeking to appeal a decision of the VMRC must be a person aggrieved by the decision. Our cases have established the parameters for demonstrating that one is "aggrieved" when used in this context.

> [I]t must affirmatively appear that such person had some direct interest in the subject matter of the proceeding that he seeks to attack. Nicholas v. Lawrence, 161 Va. 589, 592, 171 S.E. 673, 674 (1933). The petitioner "must show that he has an immediate, pecuniary and substantial interest in the litigation, and not a remote or indirect interest." Id. at 593, 171 S.E. at 674. Thus, it is not sufficient that the sole interest of the petitioner is to advance some perceived public right or to redress some anticipated public injury when the only wrong he has suffered is in common with other persons similarly situated. The word "aggrieved" in a statute contemplates a substantial grievance and means a denial of some personal or property right, legal or equitable, or imposition of a burden or obligation upon the petitioner different from that suffered by the public generally. Insurance Ass'n v. Commonwealth, 201 Va. 249, 253, 110 S.E.2d 223, 226 (1959).

9

*Virginia Beach Beautification Comm'n v. Board of Zoning Appeals*, 231 Va. 415, 419-20, 344 S.E.2d 899, 902-03 (1986).

In their petition the Residents alleged that "the VMRC made decisions adverse and/or objectionable to appellants, giving rise to this appeal." The petition and its attachments contain no other allegations or demonstration of direct injury, of an immediate pecuniary and substantial interest that would be affected, or that a personal or property right was denied or that a burden was imposed on the Residents different from that imposed on the public generally. The record of the VMRC hearing which the circuit court considered included claims of various Residents that the pipeline project was not necessary and the need for it exaggerated, that the Residents had environmental concerns regarding the outflow of the water into the ocean, that the expense was too high, and that the length of the pipeline ultimately approved was longer than requested in the application. These claims do not come within the meaning of "aggrieved" as set out above. They are either disagreements with the pipeline project itself or, as the circuit court observed, concerns shared generally with the public.

The Residents also posit that, as inhabitants or owners of property adjacent to or nearby the pipeline project, they have the requisite standing because Code § 28.2-1205(A)(4) and (5) direct that the VMRC consider a proposed project's effects on

10

"[a]djacent or nearby properties" and "[w]ater quality." A requirement that the VMRC consider certain factors does not establish a standing requirement and it does not contradict or supersede the clear requirement of Code § 28.2-1205(F) that the petitioner be a "person aggrieved." Similarly, the receipt of letters by some Residents informing them of the VMRC's decision and stating that pursuant to Rule 2A:2 "you have 30 days" to initiate an appeal does not, as the Residents claim, vest them with standing to pursue the appeal. Rather, Code § 28.2-1205(F), restricting appeals from the VMRC's decisions to persons "aggrieved," sets the standing requirement.[4]

Finally, the Residents, in their brief in this Court, argue that if their petition is deficient, we should address whether they should have been granted leave to amend their pleading. We decline this invitation because that issue is not properly before us. The Residents assigned error to the circuit court's failure to allow them to amend in their petition for appeal in

---

[4] The Residents suggested at oral argument that some other standing requirement may apply, referencing the provisions of Code § 2.2-4026 of the Virginia Administrative Process Act (the Act) which states that "[a]ny person affected by and claiming . . . unlawfulness" has standing to appeal an agency decision. This phrase, however refers to challenges to the unlawfulness of agency regulations; but challenges to agency decisions require the petitioner to be "aggrieved by and claiming unlawfulness." Code § 2.2-4026. Furthermore, Code § 2.2-4000 states that the Act supplements but does not supersede or repeal provisions of the basic law applicable to the agency. Accordingly, the provisions of Code § 28.2-1205(F) control the requirements for filing an appeal from a decision by the VMRC.

11

the Court of Appeals.  The Court of Appeals did not address this assignment of error and the Residents did not assign cross-error.  Accordingly, the issue of whether the circuit court erred in denying the Residents leave to amend their petition is not before us.  Horner v. Dep't of Mental Health, 268 Va. 187, 194, 597 S.E.2d 202, 206 (2004)(failure to assign cross-error to an issue the Court of Appeals did not address waived further appellate review of the matter).

In summary, we hold that the circuit court did not err in dismissing the Residents' petition for appeal for failure to allege facts sufficient to demonstrate that the Residents were "person[s] aggrieved" by the decision of the VMRC within the intendment of Code § 28.2-1205(F).  Accordingly, we will reverse the judgment of the Court of Appeals and reinstate the judgment of the circuit court.

Record No. 100034 – Reversed and final judgment.
Record No. 100043 – Reversed and final judgment.