# *VIRGINIA:*

*In the Court of Appeals of Virginia on*  **Tuesday**  *the*  **8th**  *day of*  **November, 2011**.

The Historic Green Springs, Inc.,
  Reginald Murphy and Jane Murphy,                                                                 Appellants,


 against                    Record No. 2082-10-2
                            Circuit Court No. CL09-20


Virginia Department of Environmental Quality
 *ex rel.* Virginia State Water Control Board,
 David K. Paylor, Director and Executive Secretary,
 and Louisa County *ex rel.* Louisa County Water Authority,                                         Appellees.


Upon a Panel Rehearing

Chief Judge Felton, Judge Elder and Senior Judge Clements

David S. Bailey (Tammy L. Belinsky; The Environmental Law Group,
PLLC, on brief), for appellants.

J. Tracy Walker, IV; Elizabeth A. Andrews, Senior Assistant Attorney
General and Chief (Kenneth T. Cuccinelli, II, Attorney General; David C.
Grandis, Assistant Attorney General; David E. Evans; Darin Waylett;
McGuire Woods LLP, on brief), for appellees.


This matter comes before a panel of this Court on a petition for rehearing from an unpublished

panel decision of August 2, 2011.  See Historic Green Springs, Inc. v. Va. Dep't of Envtl. Quality *ex rel.*

Va. State Water Control Bd., No. 2082-10-2 (Va. Ct. App. Aug. 2, 2011).  Upon review of appellees'

petition for rehearing, appellants' brief in response, and consideration of oral argument from the parties,

we lift the stay of the August 2, 2011 mandate and reinstate the panel's opinion affirming the judgment

of the trial court in part, reversing in part, and remanding.

This order shall be certified to the trial court.

A Copy,

Teste:

*original order signed by the Clerk of the*
*Court of Appeals of Virginia at the direction*
*of the Court*

Clerk

*VIRGINIA:*

*In the Court of Appeals of Virginia on* **Tuesday** *the* **20th** *day of* **September, 2011**.

The Historic Green Springs, Inc.,
  Reginald Murphy and Jane Stuart Murphy,                                      Appellants,

 against               Record No. 2082-10-2
                            Circuit Court No. CL09-20

Virginia Department of Environmental Quality
 *ex rel.* Virginia State Water Control Board,
 David K. Paylor, Director and Executive Secretary, and
 Louisa County *ex rel.* Louisa County Water Authority,                  Appellees

Upon a Petition for Rehearing

Before Chief Judge Felton, Judge Elder and Senior Judge Clements

On August 16, 2011 came the appellees, by counsel, and filed a petition praying that the Court set aside the judgment rendered herein on August 2, 2011, and grant a rehearing thereof.

On consideration whereof, the petition for rehearing is granted, the mandate entered herein on August 2, 2011 is stayed pending the decision of the Court, and the appeal is reinstated on the docket of this Court.

Pursuant to Rule 5A:35(a), the respondent may file an answering brief within 21 days of the date of entry of this order.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:   *original order signed by a deputy clerk of the*
      *Court of Appeals of Virginia at the direction*
      *of the Court*

Deputy Clerk

COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judge McClanahan[*] and Senior Judge Clements
Argued at Richmond, Virginia


THE HISTORIC GREEN SPRINGS, INC.,
 REGINALD MURPHY AND JANE STUART MURPHY
                                                    MEMORANDUM OPINION[**] BY
v.        Record No. 2082-10-2          CHIEF JUDGE WALTER S. FELTON, JR.
                                                        AUGUST 2, 2011
VIRGINIA DEPARTMENT OF
 ENVIRONMENTAL QUALITY
 *ex rel.* VIRGINIA STATE WATER CONTROL BOARD,
 DAVID K. PAYLOR, DIRECTOR AND EXECUTIVE SECRETARY,
 AND LOUISA COUNTY *ex rel.* LOUISA COUNTY WATER AUTHORITY


              FROM THE CIRCUIT COURT OF LOUISA COUNTY
                        Timothy K. Sanner, Judge

        David S. Bailey (Tammy L. Belinsky; The Environmental Law
        Group, PLLC, on brief), for appellants.

        J. Tracy Walker, IV (Kenneth T. Cuccinelli, II, Attorney General;
        David C. Grandis, Assistant Attorney General; David E. Evans;
        Darin K. Waylett; Richard H. Sedgley; McGuireWoods, LLP;
        AquaLaw, P.C., on brief), for appellees.


        The Historic Green Springs, Inc. and Reginald and Jane Murphy (collectively "appellants")

appeal from a judgment of the Circuit Court of Louisa County ("circuit court") dismissing their

petition for appeal challenging the State Water Control Board's ("SWCB") decision to reissue a

Virginia Pollution Discharge Elimination System ("VPDES") permit to the Louisa County Water

Authority ("the Water Authority").

--------

        [*] Justice McClanahan participated in the hearing and decision of this case prior to her
investiture as a Justice of the Supreme Court of Virginia.

        [**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Appellants contend the circuit court erred in granting the demurrers of SWCB, the Virginia Department of Environmental Quality ("DEQ"), Louisa County, and the Water Authority (collectively "appellees") to appellants' petition for appeal, arguing that (1) they were entitled to an evidentiary hearing on the matter of standing, and (2) they pleaded sufficient facts to establish standing to challenge the reissued VPDES permit. For the following reasons, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.[1]

## I. BACKGROUND

Reginald and Jane Murphy ("the Murphys") own approximately 218 acres of land in Louisa County known as Aspen Hill Farm. Aspen Hill Farm is the first working farm downstream of the Zion Crossroads Wastewater Treatment Plant ("the Plant"). The Plant serves residential and commercial connections in the Zion Crossroads area of Louisa County. The Murphys' farm is located approximately 400 yards downstream of a lake impoundment at Camp Creek into which the treated wastewater from the Plant is dispersed, before being discharged into Camp Creek itself. Camp Creek itself bisects and runs through Aspen Hill Farm for approximately one quarter of a mile.

The Historic Green Springs, Inc. ("HGS") is a non-profit corporation dedicated to environmental conservation in the Green Springs National Historic Landmark District. HGS holds at least two conservation easements on parcels through which Camp Creek flows, one of which is located on the Murphys' Aspen Hill Farm.

---

[1] On November 30, 2009, appellants filed a complaint against the Water Authority in the United States District Court for the Western District of Virginia. On June 30, 2011, the district court issued a memorandum opinion in that case addressing The Historic Green Springs, Inc.'s standing to challenge the VPDES permit in the context of a federal cause of action. See The Historic Green Springs, Inc. v. Louisa County Water Authority, Civil Action No. 3:09-cv-00079, slip op. (W.D. Va. June 30, 2011) (Moon, J.).

In 2002, SWCB issued a VPDES permit to the Water Authority allowing it to discharge treated wastewater effluent from the Plant first into an existing small lake impoundment formed by a dam across Camp Creek, and then into Camp Creek itself. In 2003, the Water Authority began discharging treated wastewater effluent from the Plant into the lake impoundment and then into Camp Creek. In December 2008, SWCB reissued the VPDES permit to the Water Authority for the Plant. The reissued VPDES permit imposed, for the first time, limits for total recoverable dissolved copper and zinc in the treated effluent and established a four-year timeframe to comply with those limits. Appellants participated in the public comment period as part of the permit reissuance process and argued against reissuance of the VPDES permit. SWCB, on the recommendation of DEQ, reissued the VPDES permit to the Water Authority on December 4, 2008.

On January 28, 2009, appellants appealed the decision of SWCB to the Circuit Court of Louisa County. Appellants contended that in the five years since SWCB issued the original VPDES permit to the Water Authority, the Water Authority discharged excessive levels of dissolved metals in the treated effluent from the Plant into the lake impoundment at Camp Creek, and thereafter into the creek itself. Appellants asserted the reissued VPDES permit, which for the first time imposed limits on dissolved zinc and copper in the treated wastewater effluent, failed to remedy what they contended was an excessive level of dissolved metals in the treated effluent. Appellants asserted the new metals limits imposed were insufficient to protect water quality and the beneficial uses of Camp Creek as it flowed through the Murphys' Aspen Hill Farm, on which appellants "ha[d] a right to rely." Appellants specifically contended that SWCB erred in: a) failing to provide notice to downstream riparian owners of receipt of the VPDES permit application, b) finding there was no need to impose a sewage discharge limit for hardness, c) calculating effluent limitations for toxic metals without accounting for the hardness of the surface waters, d) granting a four-year compliance schedule, and e) conveying defective notice of plans for increased water supply in the area of Louisa

County served by the Plant, as well as two water withdrawals upstream of the lake impoundment at Camp Creek, to the United States Environmental Protection Agency ("EPA") for its required review and comment. Appellants requested that the circuit court set aside the reissued VPDES permit as void and without effect, and remand the case to DEQ for further proceedings, if any, in accordance with law.

Appellees demurred to appellants' petition for appeal and filed motions to dismiss. Appellees contended that appellants failed under Code § 62.1-44.29 to plead sufficient facts to establish standing to challenge SWCB's decision to reissue the VPDES permit to the Water Authority. On July 31, 2009, after hearing argument on the motions, the circuit court sustained appellees' demurrers and granted appellants leave to amend the petition for appeal. On the same date, appellants filed the amended petition for appeal, re-alleging the second through fifth assignments of error in their original petition for appeal.[2]

Appellants Murphy asserted in their amended petition for appeal that they use Camp Creek and Aspen Hill Farm for various recreational, aesthetic, and agricultural purposes, including crop and livestock watering. In affidavits filed in support of their amended petition for appeal, the Murphys asserted that they often saw a "brown foamy scum" on the surface of Camp Creek that bisects their property, which scum first appeared after the Water Authority commenced discharging the treated wastewater effluent from the Plant in 2003. The Murphys contended in their affidavits that the water of Camp Creek was not as clear as it had been prior to the commencement of the discharge of treated effluent from the Plant. They asserted that Camp Creek dried up altogether

---

[2] David and Renee O'Leary, homeowners in the Historic Green Springs district, and Rae H. Ely, president of HGS, were included as petitioners in the original petition for appeal. The O'Learys moved to withdraw as petitioners due to a geographical error that incorrectly showed Camp Creek flowing through the O'Learys' land. The creek flowing through the O'Learys' property was later determined to be Wheeler Creek. On July 31, 2009, the circuit court granted the O'Learys' motion to withdraw and denied the motion for leave to amend the petition as to Ely. Consequently, Ely was not included as a petitioner in the amended petition for appeal.

during the summer of 2008 to the detriment of Aspen Hill Farm's agricultural uses. The Murphys further stated they were concerned about the impact of the dissolved metals on aquatic life in Camp Creek. They stated they would hesitate to let their cattle drink from Camp Creek if other water sources were unavailable in the future. Reginald Murphy stated in his affidavit that he previously took "cool dips" in Camp Creek, but had not taken a "cool dip" since the Plant began to discharge treated wastewater effluent. In its affidavit filed in support of the amended petition, HGS stated that it had standing to challenge SWCB's reissuance of the permit because it held conservation easements on multiple properties on Camp Creek, including Aspen Hill Farm.

Appellees filed demurrers to the amended petition for appeal, as well as motions to dismiss, contending that appellants failed to plead sufficient facts to establish standing under Code § 62.1-44.29. The circuit court heard oral argument on the demurrers and motions to dismiss on January 6, 2010.[3] On August 31, 2010, the circuit court entered an order sustaining appellees' demurrers and dismissed with prejudice appellants' amended petition for appeal. The circuit court found that appellants failed to meet the standard for obtaining judicial review under Code § 62.1-44.29 because appellants failed to demonstrate that their alleged injuries were fairly traceable to the reissued VPDES permit, and failed to show that their alleged injuries would be redressed by a favorable decision of the circuit court. This appeal followed.

---

[3] Appellants, relying on this Court's decision in Clark v. Va. Marine Res. Comm'n, 55 Va. App. 328, 685 S.E.2d 863 (2009), asserted that they were entitled to an evidentiary hearing on the issue of standing. Appellants declined to argue standing at the January 6, 2010 hearing on the demurrers because of their concern that the argument regarding their right to an evidentiary hearing would thereby be waived on appeal. Appellants instead "rest[ed]" on the pleadings, including the amended petition and attached affidavits and conservation easements. Subsequent to the filing of appellants' petition for appeal for review by this Court, the Supreme Court of Virginia reversed this Court's decision in Clark. Va. Marine Res. Comm'n v. Clark, 281 Va. 679, 709 S.E.2d 150 (2011); see also infra Part II.B.

## II. EVIDENTIARY HEARING

Appellants contend that the circuit court erred in failing to conduct an evidentiary hearing to determine whether appellants had standing to challenge the reissuance of the VPDES permit to the Water Authority for the Plant. Appellants argue that it was error for the circuit court to decide standing on the pleadings.

### A. Standard of Review

The standard of appellate review of a circuit court's grant of a demurrer is well established. "[I]n reviewing the judgment of the circuit court, an appellate court looks solely to the allegations in the pleading to which the demurrer was sustained." Philip Morris USA, Inc. v. Chesapeake Bay Found., Inc., 273 Va. 564, 572, 643 S.E.2d 219, 223 (2007) (citations omitted). "Because our review of a circuit court's decision sustaining a demurrer addresses that same legal question, we review the circuit court's judgment *de novo*." Chesapeake Bay Found., Inc. & Citizens of Stumpy Lake v. Commonwealth *ex rel*. State Water Control Bd., 46 Va. App. 104, 111, 616 S.E.2d 39, 42 (2005). A demurrer "admits the truth of the facts alleged in the pleading to which it is addressed, as well as any facts that may be reasonably and fairly implied and inferred from those facts." Philip Morris, 273 Va. at 572, 643 S.E.2d at 223.

### B. Analysis

Appellants assert the circuit court erred in not conducting an evidentiary hearing on the matter of standing. We disagree.

Code § 62.1-44.29 states in pertinent part:

> Any owner aggrieved by or any person who has participated, in person or by submittal of written comments, in the public comment process related to a final decision of the [State Water Control] Board . . . is entitled to judicial review thereof in accordance with the provisions of the Administrative Process Act . . . if such person meets the standard for obtaining judicial review of a case or controversy pursuant to Article III of the United States Constitution. A person shall be deemed to meet such standard if (i) such person

has suffered an actual or imminent injury which is an invasion of a legally protected interest and which is concrete and particularized; (ii) such injury is fairly traceable to the decision of the Board and not the result of the independent action of some third party not before the court; and (iii) such injury will likely be redressed by a favorable decision by the court.

Code § 62.1-44.29 explicitly requires that a person asserting injury as a result of a permitting decision of SWCB satisfy Article III standing requirements. "In order to have Article III . . . standing, the [petitioner] must have pled facts sufficient to meet the test in Lujan [v. Defenders of Wildlife, 504 U.S. 555 (1992),] and Code § 62.1-44.29." Philip Morris, 273 Va. at 581, 643 S.E.2d at 228. "The parties agree that in order for [petitioner] to plead sufficient facts to establish standing . . . [petitioner] must meet [the] three-part test [of Code § 62.1-44.29]." Chesapeake Bay Found., Inc. v. Commonwealth *ex rel.* State Water Control Bd., 48 Va. App. 35, 46, 628 S.E.2d 63, 69 (2006), aff'd, Philip Morris, 273 Va. 564, 643 S.E.2d 219. "The standing provisions of Code § 62.1-44.29 require persons challenging a final decision by the Board to establish that they meet all three enumerated requirements of the statute before a court will consider the merits of their challenge to a governmental action." State Water Control Bd. v. Crutchfield, 265 Va. 416, 426-27, 578 S.E.2d 762, 767-68 (2003).

Appellants cite this Court's decision in Clark v. Va. Marine Res. Comm'n, 55 Va. App. 328, 685 S.E.2d 863 (2009), to support their contention that the circuit court erred in refusing to conduct an evidentiary hearing to determine whether they have standing to challenge the reissuance of the VPDES permit. In reversing our decision in Clark, the Supreme Court of Virginia stated:

> [O]ur cases, including cases considering appeals from agency decisions decided on demurrer, have consistently looked to the pleadings to determine whether the petitioner has pled sufficient facts to establish the petitioner's right or standing to advance the appeal.
>
> The judgment of the Court of Appeals directly contradicts these cases and principles. . . . The Court of Appeals' judgment . . .

allows recovery based on facts not pled which is in direct contradiction to the principles set out above.

Va. Marine Res. Comm'n v. Clark, 281 Va. 679, 686, 709 S.E.2d 150, 154 (2011) (citation omitted). Accordingly, we conclude that appellants' reliance on this Court's decision in Clark is misplaced.

Because Code § 62.1-44.29 clearly requires appellants to allege sufficient facts in the petition to support their standing to contest the reissuance of the VPDES permit, the circuit court did not err in refusing to hold an evidentiary hearing on standing.

## III. STANDING

### A. Standard of Review

We review the circuit court's decision to sustain appellees' demurrer *de novo*, and accept as true "the facts alleged in the pleading to which it is addressed, as well as any facts that may be reasonably and fairly implied and inferred from those facts." Philip Morris, 273 Va. at 572, 643 S.E.2d at 223. The requirements for standing to challenge a permitting decision by the SWCB are enumerated in Code § 62.1-44.29. The language of Code § 62.1-44.29 "reiterates the requirements set out [by the United States Supreme Court] in Lujan." Stumpy Lake, 46 Va. App. at 115, 616 S.E.2d at 45.

### B. Analysis

Here, the circuit court found that appellants failed to plead sufficient facts to establish that their alleged injuries were fairly traceable to an action to which an error of law was assigned, and failed to establish that such alleged injuries would likely be redressed by a favorable decision of the circuit court. It is true that appellants asserted in their amended petition for appeal that their injuries arose when SWCB issued the original VPDES permit for the Plant in 2003. However, appellants further contended that their actual and ongoing injuries to their legally protected interests in Camp Creek had been perpetuated by SWCB's decision to reissue the Plant's VPDES permit in 2008.

- 8 -

These allegations, which we must accept as true in reviewing the circuit court's ruling sustaining the demurrer, succeed in "nudg[ing] [appellants'] claims [in support of appellants' standing] across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (ruling on a Fed. R. Civ. P. 12(b)(6) motion to dismiss). Thus we conclude the circuit court here erroneously "'short-circuited litigation pretrial and . . . decided the dispute without permitting the parties to reach a trial on the merits.'" CaterCorp, Inc. v. Catering Concepts, Inc., 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993) (quoting Renner v. Stafford, 245 Va. 351, 352, 429 S.E.2d 218, 219 (1993)).

In the event that appellants could prove their alleged injuries, and prove that those injuries are being caused by the discharge of wastewater from the Plant into Camp Creek in violation of state and/or federal water quality standards under the reissued VPDES permit in question, it is likely that those injuries could be redressed by the circuit court ordering compliance with those standards. See Philip Morris, 273 Va. at 580, 643 S.E.2d at 227 (applying redressability prong of Lujan test to allegations in petition, and holding that alleged injury was "redressable through a favorable decision by the court"). Accordingly, we conclude the trial court erred in sustaining appellees' demurrer.

## IV. CONCLUSION

For the reasons stated above, we hold that the circuit court did not err when it refused to conduct an evidentiary hearing on the matter of standing. However, we hold the circuit court erred when it sustained appellees' demurrer to appellants' amended petition for appeal. Accordingly, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.