PRESENT:  All the Justices

MARIAN M. BRAGG

v.  Record No. 171022

BOARD OF SUPERVISORS OF
RAPPAHANNOCK COUNTY, ET AL.

OPINION BY
CHIEF JUSTICE DONALD W. LEMONS
MAY 17, 2018

FROM THE CIRCUIT COURT OF RAPPAHANNOCK COUNTY
Alfred D. Swersky, Judge Designate

In this appeal, we consider whether the Circuit Court of Rappahannock County ("circuit

court") erred by dismissing a petition to enforce the Virginia Freedom of Information Act,

Code §§ 2.2-3700, *et seq.* ("FOIA"), on the basis that the petition failed to comply with

Code § 2.2-3713(A) because it was not properly supported by an affidavit showing good cause.

I.  Facts and Proceedings

Marian M. Bragg ("Bragg") filed an amended petition against the Rappahannock County

Board of Supervisors and its individual members (collectively, the "Board"), alleging that the

Board "engaged in a pattern of systematically violating the open meeting requirements of

FOIA."  The alleged violations stemmed from five closed meetings, which the Board allegedly

held for the purpose of discussing, among other things, how it would replace the outgoing

County Attorney.  Bragg alleged, "on information and belief," that the Board violated FOIA

because it improperly discussed "public business matters" during the closed meetings and then,

after the meetings, certified that the discussions were exempt from the FOIA open meeting

requirements.

In her petition, Bragg asserted that Board member Ronald L. Frazier ("Frazier")

acknowledged the Board improperly discussed certain public business matters during the closed

meetings. Frazier's full acknowledgment (the "Frazier Acknowledgement") was notarized and

filed as an exhibit to Bragg's petition. It stated, in relevant part:

> I acknowledge that the Board's closed session meetings . . .
> included discussion of public business matters not lawfully
> exempted from open meeting requirements under [FOIA] with
> respect to the filling of the County Attorney position.
>
> I acknowledge that the Board violated [Code § 2.2-3711(B)] and
> [Code § 2.2-3712(H)] when it decided, resolved or voted [on the
> non-exempt matters] in one or more of the [] closed session(s).
>
> I acknowledge that it was imprudent and in error to vote to certify
> at the close of each of the aforesaid meetings that the Board's
> closed session meetings included only discussion of public
> business matters lawfully exempted from open meeting
> requirements under [FOIA] with respect to the filling of the
> County Attorney position, and to the extent non-exempt business
> was discussed . . . , it was error on my part to fail to state the
> substance of the departure from the requirements of [Code § 2.2-
> 3712(D)].

In addition to the Frazier Acknowledgment, Bragg also filed an "Affidavit and

Verification in Support of Petition for Enforcement of Virginia Freedom of Information Act"

(the "Bragg Affidavit"). The Bragg Affidavit was both signed by Bragg and notarized. It stated:

> ***THIS DAY*** personally appeared before me, the undersigned
> Notary Public, **Marian M. Bragg**, who, upon being duly sworn by
> me, stated under oath that all of the allegations in the attached
> Petition for Enforcement of the Virginia Freedom of Information
> Act are true and correct, except to the extent therein stated to be on
> information, and to such extent she believes them to be true.

(emphasis in original).

The Board responded to the petition by filing a demurrer, plea in bar, and motion for

summary judgment and dismissal. The circuit court issued a letter opinion on March 15, 2017,

in which it granted the Board's motion to dismiss. The court held that "[t]here [was] a

procedural defect in the initiation of the [] proceedings" because the petition was not supported

2

"by an affidavit showing good cause," as required by Code § 2.2-3713(A). The circuit court found that the Frazier Acknowledgment was not a proper affidavit because "[t]here [was] no showing that the document was sworn and it contain[ed] no *jurat*."[1] The court further held that, even if the Frazier Acknowledgment were in "proper form," the document nevertheless failed to "furnish the [requisite] good cause" because it contradicted Frazier's prior certifications, pursuant to Code § 2.2-3712(D), that the closed meetings were lawful.

The circuit court also held that the Bragg Affidavit was not an "affidavit showing good cause." The court first found that the Bragg Affidavit failed to comply with Code § 8.01-280 because the oath excluded the allegations in the petition that were "stated to be on information," which constituted the "gravamen" of Bragg's petition. The court further ruled that the Bragg Affidavit was insufficient because the "petition, and hence the affidavit, fail[ed] to set forth the basis of [Bragg's] 'Information,'" without which the court could not "ascertain that good cause exists."

The circuit court concluded that because of "the infirmities of both affidavits submitted in support of the petition," the requirements of Code § 2.2-3713(A) had not been met. Bragg filed a motion for reconsideration, which was denied. The circuit court then entered a final order

---

[1] A "jurat" is a certification by a public officer (usually a notary public) stating when and before what authority an affidavit or deposition was made, typically commencing with the language "Subscribed and sworn to before me." It typically "certifies three things: (1) that the person signing the document did so in the officer's presence, (2) that the signer appeared before the officer on the date indicated, and (3) that the officer administered an oath or affirmation to the signer, who swore to or affirmed the contents of the document." Black's Law Dictionary 979 (10th ed. 2014); *see also Cumbee v. Myers*, 232 Va. 371, 373-74, 350 S.E.2d 633, 634 (1986) (acknowledging that "the phrase, 'subscribed and sworn to,' [is] generally called the 'jurat,'" and that "the 'jurat' indicates that the person actually signed the document in the presence of the notary").

dismissing the petition. Bragg subsequently appealed to this Court, and we awarded an appeal on the following assignments of error:

1. The Trial Court erred by treating Appellees' (Respondents') Motion for Summary Judgment and Dismissal as a Plea in Bar and not affording the allegations in the Amended Petition and all reasonable inferences therefrom a presumption of truth.

2. The Trial Court erroneously construed the Code § 2.2-3713(A) requirement that a FOIA enforcement petition be supported by an "affidavit showing good cause" by refusing to consider the Board member's post-meeting "Acknowledgment," by rejecting Bragg's affidavit in support of her Amended Petition and by construing Code § 2.2-3713(A) in a manner so narrow and so restrictive that it effectively deprived Bragg of her statutory rights and of any remedy for alleged violations [of] the Freedom of Information Act's open meeting requirements expressly provided for by the General Assembly.

3. The Trial Court erred by granting Appellee's (Respondents') "Motion for Summary Judgment and Dismissal" and by dismissing Bragg's Amended Petition on the grounds Bragg's "good cause" affidavit did not contain the actual word "swear" even though the Affidavit contained the formulation that "upon being duly sworn, Petitioner stated, under oath."

4. The Trial Court erred by ignoring the policy provisions in [Code § 2.2-3700] in granting Respondents' "Motion for Summary Judgment and Dismissal" and ignoring the provision of Code § 2.2-3713(D) that "a single instance of a denial" of Bragg's FOIA rights and privileges is sufficient to invoke the remedies provided by FOIA, misconstruing the requirements of Code § 2.2-3712(A) and by failing to address Bragg's allegations that members of the public had been physically excluded from the meetings and that the Board's votes to convene closed sessions were not taken during the public sessions of the Board meetings described in the Amended Petition.

5. The Trial Court erred by granting Appellees' (Respondents') "Motion for Summary Judgment and Dismissal" and ignoring or failing to address Bragg's allegations relating to the Board's alleged procedural violations of Code § 2.2-3712 with respect to its failure properly to identify the subject matter, purpose and state the specific exemption applicable to each agenda item to be discussed in the closed sessions.

4

## II. Analysis

### A. Standard of Review

Where, as here, "no evidence [has been] taken with regard to [a] motion to dismiss[,] we treat the factual allegations in the petition as we do on review of a demurrer." *Virginia Marine Res. Comm'n v. Clark*, 281 Va. 679, 686, 709 S.E.2d 150, 154 (2011). We accept "the truth of all material facts that are . . . expressly alleged, impliedly alleged, and those that may be fairly and justly inferred from the facts alleged." *Harris v. Kreutzer*, 271 Va. 188, 195-96, 624 S.E.2d 24, 28 (2006). Our inquiry encompasses "not only the substantive allegations of the pleading attacked but also any accompanying exhibit mentioned in the pleading." *Flippo v. F & L Land Co.*, 241 Va. 15, 17, 400 S.E.2d 156, 156 (1991). We then review the circuit court's decision to dismiss the petition, and any corresponding issues of statutory interpretation, de novo. *Clark*, 281 Va. at 686-87, 709 S.E.2d at 154-55; *Harris*, 271 Va. at 195-96, 624 S.E.2d at 28; *Graves v. Commonwealth*, 294 Va. 196, 199, 805 S.E.2d 226, 227 (2017).

### B. The "Good Cause" Affidavit Requirement

Code § 2.2-3713(A) states that "[a]ny person . . . denied the rights and privileges conferred by [FOIA] may proceed to enforce such rights and privileges by filing a petition for mandamus or injunction, *supported by an affidavit showing good cause*." (emphasis added). The circuit court dismissed Bragg's petition on the basis that it was not properly supported by an affidavit showing good cause. We disagree.

Pursuant to Code § 8.01-280, "when an affidavit is required in support of any pleading or as a prerequisite to the issuance thereof, *it shall be sufficient if the affiant swear that he believes it to be true*." (emphasis added). Here, the Bragg Affidavit swore "that all of the allegations in the [petition] are true and correct, except to the extent therein stated to be on information, and to

5

such extent [Bragg] believes them to be true."  Under the circumstances of this case, Bragg's sworn statement was sufficient to comply with the requirements of Code § 8.01-280 and, by extension, Code § 2.2-3713(A).

The circuit court misread the Bragg Affidavit to the extent it held that the sworn statement failed to comply with Code § 8.01-280.  The Bragg Affidavit did not, as the circuit court stated, exclude the allegations in the petition "stated to be on information."  Rather, Bragg swore that the allegations based on her personal knowledge were true, and she believed the remaining allegations, which were "stated to be on information," were also true.  The Bragg Affidavit therefore supported all of the underlying allegations because, consistent with Code § 8.01-280, Bragg swore that they were either true or believed to be true.

The circuit court further erred in holding that the Bragg Affidavit failed to show good cause because the petition, and therefore the affidavit, did not identify the basis of her "information."  Bragg's allegations that the Board violated FOIA during the closed meetings were necessarily based "on information and belief" because she was excluded from the meetings and consequently did not have personal knowledge of what transpired.  However, the "information" upon which Bragg based her allegations was apparent from the face of the petition, which specifically asserted that Frazier admitted the Board improperly discussed public business matters during closed sessions.  Bragg based her allegations upon Frazier's admissions, which were further incorporated into the petition via the Frazier Acknowledgment.  *See* Rule 1:4(i) ("The mention in a pleading of an accompanying exhibit shall, of itself and without more, make such exhibit a part of the pleading.").

The Board nevertheless argues that the circuit court properly rejected the Frazier Acknowledgment because it was not an affidavit.  While the Board is correct that the Frazier

6

Acknowledgment was not, itself, an affidavit, the document was "a part of the pleading." Rule 1:4(i). The admissions in the Frazier Acknowledgment therefore must be considered alongside the allegations in the petition and, like the underlying allegations, accepted as true for the purposes of the motion to dismiss. *See Clark*, 281 Va. at 686-87, 709 S.E.2d at 154-55; *Flippo*, 241 Va. at 17, 400 S.E.2d at 156.

The Board alternatively argues that the circuit court properly concluded that the Frazier Acknowledgment did not furnish good cause in support of the petition because Frazier was "estopped" from recanting his prior certifications under Code § 2.2-3712(D). That statute states, in relevant part:

> At the conclusion of any closed meeting, the public body . . . shall take a roll call . . . certifying that to the best of each member's knowledge (i) only public business matters lawfully exempted from open meeting requirements under this chapter and (ii) only such public business matters as were identified in the motion by which the closed meeting was convened were heard, discussed or considered in the meeting by the public body. Any member of the public body who believes that there was a departure from the requirements of clauses (i) and (ii), shall so state prior to the vote, indicating the substance of the departure that, in his judgment, has taken place.

Code § 2.2-3712(D). This statute, however, did not prohibit Frazier from subsequently acknowledging that his prior certifications of compliance were improper. On the contrary, Code § 2.2-3713(E) forecloses such an interpretation by clarifying that "[n]o court shall be required to accord any weight to the determination of a public body as to whether an exclusion applies." Accordingly, to the extent there was a conflict between Frazier's prior certifications of compliance and the Frazier Acknowledgment, that conflict was an evidentiary matter that was not ripe for adjudication during the proceedings below. Instead, for the purposes of the motion to dismiss, the admissions in the Frazier Acknowledgment should have been accepted as true.

7

So viewed, we hold that Bragg's petition complied with Code § 2.2-3713(A). The petition alleged that the Board improperly discussed public business matters during five closed meetings, and that the Board's post-meeting certifications to the contrary were "false." These allegations were supported by the Bragg Affidavit, which swore that the allegations were true or believed to be true. Bragg's sworn allegations were then corroborated by the Frazier Acknowledgment, wherein Frazier admitted that the Board improperly discussed public business matters during some or all of the closed meetings.

Taken together, we conclude that Bragg's petition, which incorporated the Frazier Acknowledgment, was supported by an affidavit showing good cause. The petition therefore satisfied the requirements of Code § 2.2-3713(A), and the circuit court erred to the extent it held otherwise.[2]

### III. Conclusion

For the reasons stated, we will reverse the judgment of the circuit court and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

---

[2] Because we agree that, under the appropriate standard, the petition as a whole complies with Code § 2.2-3713(A), Bragg's first and second assignments of error are dispositive of this appeal. We therefore need not address her remaining assignments of error. *See Shareholder Representative Servs. v. Airbus Americas, Inc.*, 292 Va. 682, 689, 791 S.E.2d 724, 727 (2016) (noting, "a dispositive assignment of error obviates any need to address other assignments of error"); *City of Chesapeake v. Dominion SecurityPlus Self Storage*, 291 Va. 327, 336, 785 S.E.2d 403, 407 (2016) (same, and collecting cases).