COURT OF APPEALS OF VIRGINIA

Present:    Judges Beales, O'Brien and Malveaux
Argued by videoconference

<span style="writing-mode: vertical-rl">PUBLISHED</span>

LORRAINE D. AUFFORTH

OPINION BY
v.      Record No. 0763-20-2          JUDGE MARY BENNETT MALVEAUX
DECEMBER 15, 2020

JOANN AUFFORTH

FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
Sarah L. Deneke, Judge

Jonathan S. Gelber (Vanderpool, Frostick & Nishanian, P.C., on
briefs), for appellant.

Robert F. Beard (Robert F. Beard, PLC, on brief), for appellee.

Lorraine D. Aufforth ("appellant") appeals an order of the circuit court granting Joann

Aufforth's ("appellee") motion to dismiss a summons to answer debtor's interrogatories.[1]

Appellant argues that the circuit court erred in granting the motion to dismiss because the court

ignored her reasonable, good-faith belief that appellee was a debtor to or a bailee of the judgment

debtor, Allen Aufforth ("debtor husband").  For the following reasons, we affirm the decision of the

circuit court.

I.  BACKGROUND

Appellant is a former spouse of debtor husband.  In 1995, appellant obtained a judgment

against debtor husband in the Fauquier County Circuit Court for unpaid child support payments.[2]

_____

[1] This appeal was originally filed in the Supreme Court of Virginia.  It was transferred by
that Court to our Court because the underlying judgment that appellant is seeking to enforce is a
judgment for unpaid child support payments.  See Code § 17.1-405(3).

[2] At the time of the issuance of the summons to answer debtor's interrogatories, the
judgment was in the amount of $62,609.85.

On September 19, 2012, the Fauquier County Circuit Court entered an order extending the limitations period for enforcement of the judgment for twenty years, making it enforceable until August 27, 2032.

At appellant's direction, on July 3, 2019, the clerk of the Fredericksburg Circuit Court ("circuit court") issued a summons to answer debtor's interrogatories to appellee in reference to the 1995 judgment against debtor husband.[3]  Appellant also filed a "Praecipe in Support of Debtor's Interrogatories Against Bailee, [appellee]."  In her praecipe, appellant stated that she was seeking debtor's interrogatories of appellee "as Bailee or other owner of property," asserting that appellee "holds funds or assets for [debtor husband]."

Appellant based this assertion on the following facts and allegations.  First, attached to the praecipe were court documents showing that debtor husband and appellee married in 1990 and divorced in 2000.  Second, appellant alleged that appellee was a resident of Fredericksburg and had lived at the same address since at least 2003, if not before then.  Third, appellant alleged that debtor husband had moved to Florida and had been living at 105 Dogwood Drive, Interlachen, Florida, a residence owned by appellee.[4]  In support of this allegation, appellant attached an online search for debtor husband's voter registration which listed his address as 105 Dogwood Drive, Interlachen, Florida.  Appellant also attached both a warranty deed showing the sale of the Interlachen property to appellee in 2016 and a 2018 tax bill for the property addressed to appellee at her Fredericksburg residence.

---

[3] In her praecipe, appellant alleged that on January 20, 2013, her judgment for unpaid child support was also docketed in the Fredericksburg circuit court; however, this order was not included in the record.

[4] The parties stipulated that debtor husband had died prior to the resolution of this appeal. Based on our holding below, debtor husband's death does not impact our analysis.

Appellee filed a motion to dismiss the summons to answer debtor's interrogatories. In her motion, appellee argued that real property cannot be the subject of a bailment; therefore, she could not be summoned under Code § 8.01-506(A), which permits a "debtor to, or bailee of, the execution debtor" to be summoned to answer interrogatories.

At a hearing on the motion to dismiss, appellee argued, as she had in her motion to dismiss, that she could not be a bailee of debtor husband because that term referred to possession of goods as opposed to ownership of real property. In response, appellant argued that "the praecipe [wa]s broad enough" to address more than just real estate. The court then asked counsel for appellant what other basis existed for seeking interrogatories from appellee if appellant was not seeking interrogatories based solely on real estate. Counsel for appellant responded that it was appellant's "belief that [debtor husband] and [appellee] still have economic activity as ongoing and that's the basis of the debtor's interrogatories." The court inquired whether counsel had "any evidence that [debtor husband] owes the debt to [appellee]," and counsel responded that he "d[id not] have any evidence I can present to you, nor can I until I get to the debtor's interrogatories and we have a chicken and egg situation here." Pursuant to the language of Code § 8.01-506(A), the court then asked, "how do you get around the fact that this individual is neither a debtor to nor a bailee of [debtor husband]?" Counsel responded that he "believe[d] that she is doing something with him economically, not just the real estate," but could not prove that without the debtor's interrogatories.

The court granted the motion to dismiss because appellee "at this point is not shown to be a bailee of or a debtor to [debtor husband]." In making its ruling, the court stated

> [Code §] 8.01-506 indicates who is subject to interrogatories, that tells you who you can summons for interrogatories, and for the facts of this case if it's not the judgment debtor, it has to be someone who is a debtor to or bailee of the judgment debtor, the [debtor] husband . . . and in order to do that, you need facts, you can't say, well, I'm summonsing them to find out if they are a

bailee of or a debtor to, that's not the way it works, you have to be able to show either that that person is indebted to or is the bailee of property and you don't have that in this case, you just don't have it. You have suspicions, certainly.

On September 17, 2019, the circuit court entered an order reflecting its ruling from the bench. Appellant now appeals the circuit court's September 17, 2019 final order.

## II. ANALYSIS

On appeal, appellant contends that the circuit court erred in granting appellee's motion to dismiss the summons to answer debtor's interrogatories. Appellant argues that in making its determination, the circuit court ignored her reasonable, good-faith belief that appellee was a debtor to or a bailee of debtor husband based on her knowledge that debtor husband lived in a Florida home titled to appellee, while appellee lived in Virginia.

"In reviewing a circuit court's decision to grant a motion to dismiss, if no evidence has been taken, 'we treat the factual allegations in the [complaint] as we do on review of a demurrer.'" Green v. Diagnostic Imaging Assocs., P.C., __ Va. __, __ (June 4, 2020) (alteration in original) (quoting Bragg v. Bd. of Supervisors, 295 Va. 416, 423 (2018)). Thus, "[w]e accept 'the truth of all material facts that are . . . expressly alleged, impliedly alleged, and those that may be fairly and justly inferred from the facts alleged.'" Bragg, 295 Va. at 423 (second alteration in original) (quoting Harris v. Kreutzer, 271 Va. 188, 195-96 (2006)). We "review the circuit court's decision to dismiss the [motion], and any corresponding issues of statutory interpretation, *de novo*." Id.

Our resolution of this appeal rests solely upon Code § 8.01-506, the statutory provision authorizing a judgment creditor to attempt to determine a judgment debtor's assets through interrogatories. Code § 8.01-506(A) states as follows:

> To ascertain the personal estate of a judgment debtor, and to ascertain any real estate, in or out of this Commonwealth, to which the debtor named in a judgment and fieri facias is entitled, upon

- 4 -

the application of the execution creditor, the clerk of the court from which such fieri facias issued shall issue a summons against (i) the execution debtor, (ii) any officer of the corporation if such execution debtor is a corporation having an office in this Commonwealth, (iii) any employee of a corporation if such execution debtor is a corporation having an office but no officers in the Commonwealth provided that a copy of the summons shall also be served upon the registered agent of the corporation, or (iv) any debtor to, or bailee of, the execution debtor.

As enumerated above, there are several categories of individuals whom a judgment creditor may summon to debtor's interrogatories. At issue in this appeal is the last category, third parties who are a "debtor to, or bailee of, the execution debtor." Id. Appellant asserts, as she did before the circuit court, that she was permitted to summon appellee to debtor's interrogatories based upon her "reasonable, good faith belief" that appellee was a debtor to or a bailee of the debtor husband.

However, based on our reading of the plain language of Code § 8.01-506(A), we conclude that a judgment creditor's reasonable or good-faith belief that a third party may be a debtor to or bailee of the judgment debtor is not sufficient to allow the judgment creditor to summon the third party for debtor's interrogatories.

"When the language of a statute is unambiguous, we are bound by the plain meaning of that language. Furthermore, we must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity." Shifflett v. Latitude Props., Inc., 294 Va. 476, 483 (2017) (quoting Butler v. Fairfax Cnty. Sch. Bd., 291 Va. 32, 37 (2015)). Further, "[t]his Court may not read into a statute language that the legislature chose not to include." Wardell Orthopaedics, P.C. v. Colonna's Shipyard, Inc., 72 Va. App. 296, 304 (2020).

By its wording, Code § 8.01-506(A) limits the individuals to whom a judgment creditor may summon to debtor's interrogatories. The language of the statute relied upon by appellant,

- 5 -

"any debtor to, or bailee of, the execution debtor," does not contain any modifying language surrounding it that would suggest that a judgment creditor is permitted to seek debtor's interrogatories of a third party who is suspected, but not known, to be a debtor to or bailee of the judgment debtor. Because the statute is devoid of any such modifying language, we conclude that it means only what it says—that third parties may be summoned to debtor's interrogatories when a judgment creditor can allege that the third party is in fact a debtor to or a bailee of the judgment debtor, not that they may possibly be a debtor to or a bailee of the judgment debtor.

Here, in examining whether appellant's allegations establish that appellee was a debtor to or a bailee of debtor husband, we begin by accepting the truth of all material facts that were alleged by appellant. See Bragg, 295 Va. at 423. However, even in doing so, we conclude that appellant's factual allegations fail to establish that appellee was a debtor to or a bailee of the debtor husband pursuant to Code § 8.01-506(A).

Appellant's assertion that appellee was a debtor to or bailee of debtor husband was based solely on the following facts: that debtor husband lived in a Florida residence that was owned by, but was not the primary residence of, his ex-wife, appellee.

First, we conclude that these facts do not establish that appellee was a debtor to debtor husband. We could speculate that because debtor husband lived in a residence owned by appellee, he may have been living rent-free because of a debt owed to him by appellee. However, this scenario is purely speculative. Nothing in the facts alleged by appellant establishes that appellee was a debtor to debtor husband.

Second, we conclude that these facts do not establish that appellee was a bailee of debtor husband. This possibility is even less plausible than the possibility that she was a debtor to debtor husband. "A bailment has been broadly defined as 'the rightful possession of goods by one who is not the owner.'" K–B Corp. v. Gallagher, 218 Va. 381, 384 (1977) (quoting 9 S.

Williston, Contracts 875 (3d ed. 1967)).  "[I]t is the element of lawful possession, however created, and duty to account for the thing as the property of another that creates the bailment, regardless of whether or not such possession is based on contract in the ordinary sense."  Id. (quoting Crandall v. Woodard, 206 Va. 321, 327 (1965)).  To have lawful possession, an alleged bailee "must have both physical control over the property and an intent to exercise that control."  Morris v. Hamilton, 225 Va. 372, 374-75 (1983).  Further, a bailment involves personal property, not real property.  "Although possession of real property may be delivered by the owner to another, the term 'bailment' is not applied to such a transaction.  The law of real property has preserved its separate rules."  19 Williston on Contracts § 53:1 (4th ed. 2020).  In this case, the facts do not support the conclusion that appellee had lawful possession of physical goods owned by debtor husband—to the contrary, the most logical inference is that debtor husband might be the bailee of personal property appellee had in her Florida residence where he lived.

Appellant urges us to look past the conclusion that the facts before us do not establish that appellee was either a debtor to or bailee of debtor husband and instead look to what information she might be able to glean if permitted to summon appellee to debtor's interrogatories.  Appellant asserts that the fact that debtor husband was living in a residence owned by appellee while she resided elsewhere necessarily leads to the conclusion that some sort of "economic relationship" existed between appellee and debtor husband.  Appellant claims that this economic relationship might have consisted of appellee fraudulently holding some of debtor husband's assets in order for him to avoid satisfying the judgment owed to appellant.  However, fatal to appellant's argument, a speculative economic relationship between a judgment debtor and a third party does not fall under any of the enumerated categories of individuals who may be summoned to debtor's interrogatories under Code § 8.01-506.

In addition, our Supreme Court has previously opined on the purpose of Code § 8.01-506 and found that it is not intended to be used as a vehicle for a judgment creditor to sort out whether "economic relationship[s]" exist between a third party and a judgment debtor, as appellant suggests. In Thompson v. Commonwealth, 156 Va. 1032 (1931), our Supreme Court examined Code § 6503, the predecessor statute to Code § 8.01-506. Id. at 1034. In discussing the statute, the Court stated that the purpose of the statute was not "to secure evidence which might be used in some other proceeding" and that it was "not a substitute for a bill of discovery." Id. at 1036. Appellant's purpose in using the current statute in this case was exactly that which the Court disavowed in Thompson. Appellant may have had other discovery methods she could have pursued in order to uncover possible assets appellee was fraudulently holding for debtor husband; however, based on the facts she alleged in this proceeding, Code § 8.01-506 was not a method she could use to obtain this information.

III.  CONCLUSION

We hold that the circuit court did not err in granting appellee's motion to dismiss a summons for debtor's interrogatories.  Accordingly, we affirm. [5]

<u>Affirmed.</u>

---

[5] On appeal, appellee asserts in a cross-assignment of error that because the circuit court clerk did not issue a writ of fieri facias in this case, the interrogatories were void, and the circuit court lacked jurisdiction to enforce them.  Appellee acknowledges that she did not preserve her cross-assignment of error in the circuit court.  However, she argues that we can consider her cross-assignment of error under the "right result, wrong reason" doctrine.  "Rule 5A:18 does not require an appellee to raise an issue at trial before it may be considered on appeal, where the issue is not offered to support reversal of a trial court ruling."  <u>Harris v. Commonwealth</u>, 39 Va. App. 670, 675 (2003) (*en banc*) (quoting <u>Driscoll v. Commonwealth</u>, 14 Va. App. 449, 451-52 (1992)).  However, "[t]he rule does not always apply. . . .  [It] does not include those cases where, because the trial court has rejected the right reason or confined its decision to a specific ground, further factual resolution is needed before the right reason may be assigned to support the trial court's decision."  <u>Id.</u> at 676.

In this case, the circuit court based its decision on the motion to dismiss solely on its determination that under Code § 8.01-506(A) appellee was not a "debtor to, or bailee of" debtor husband.  There was no evidence produced at the hearing on the motion to dismiss regarding whether a writ of fieri facias had been issued.  Therefore, we decline to address appellee's argument, as it relies on facts that are outside of the record and that were not alleged or litigated in the proceedings below.