COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Humphreys, Beales and Lorish
Argued at Richmond, Virginia


THE EAST END LANDFILL, LLC

v.      Record No. 1232-22-2

THE COUNTY OF HENRICO, VIRGINIA, ET AL.

THE EAST END LANDFILL, LLC
                                                    MEMORANDUM OPINION[*] BY
v.      Record No. 1233-22-2                        JUDGE ROBERT J. HUMPHREYS
                                                    DECEMBER 5, 2023
THE COUNTY OF HENRICO, VIRGINIA, ET AL.

THE EAST END LANDFILL, LLC

v.      Record No. 1234-22-2

BOARD OF SUPERVISORS OF HENRICO COUNTY, ET AL.


FROM THE CIRCUIT COURT OF HENRICO COUNTY
Richard S. Wallerstein, Jr., Judge

Paul R. Schmidt (J. Bryan Plumlee; Poole Brooke Plumlee PC, on
briefs), for appellant.

Ryan Murphy, Deputy County Attorney (Andrew Newby, County
Attorney, on brief), for appellees.


This consolidated appeal involves the denial of a conditional use permit for the expansion

of a landfill in Henrico County. The East End Landfill, LLC ("TEEL") filed three separate

actions in the Henrico County Circuit Court: an appeal from the decision of the Henrico County

Board of Zoning Appeals ("BZA") denying the permit application, a complaint for declaratory

judgment declaring the conditional use permit ordinance void, and a petition for an injunction

---

[*] This opinion is not designated for publication. See Code § 17.1-413(A).

prohibiting Henrico County from enforcing the ordinance or requiring a use permit for the proposed use. Because Henrico County replaced the offending ordinance during the pendency of the litigation, the circuit court dismissed all three actions for mootness. TEEL now appeals.

BACKGROUND

TEEL is a Virginia limited liability company that operated a landfill in Henrico County. TEEL acquired an adjacent landfill and operated both landfills under a unified use permit from the county. In June 2013, TEEL sought and obtained an amended conditional use permit to expand its landfill business at Darbytown Road in Henrico, as required by Henrico Zoning Ordinance ("HZO") § 24-74(b). For reasons that are not apparent from the record, the BZA subsequently revoked this conditional use permit in 2018. Following this revocation, TEEL applied for a new conditional use permit, which was subsequently denied by the BZA in October 2020. At the time that TEEL filed for this new conditional use permit, TEEL was not operating the landfill.

TEEL then appealed the BZA decision to the circuit court, arguing for the first time the Henrico conditional use permit ordinance was unconstitutionally vague. TEEL also included a "motion for declaratory judgment" and "motion for injunction" in their appeal. Upon Henrico County's motion, the circuit court dismissed the motions, and granted leave for TEEL to file separate declaratory judgment and injunctive relief actions, which TEEL subsequently did in July 2021.

TEEL's declaratory judgment action alleged that the HZO governing conditional use permits (HZO § 24-116) was void for the failure of the ordinance to articulate definite standards to govern the BZA decision. TEEL's petition for injunctive relief alleged the exact same controversy and asked the court to permanently enjoin Henrico County from enforcing the conditional use permit ordinance or to prohibit Henrico County from requiring TEEL to obtain a permit to operate its landfill.

- 2 -

On June 22, 2021, during the pendency of the BZA appeal, but prior to TEEL filing its declaratory judgment and injunction actions, the Henrico Board of Supervisors made substantial overhauls to its zoning code and replaced HZO § 24-116 with HZO § 24-1101 *et seq*. Under the new ordinance, conditional use permits for landfills are issued directly by the Board of Supervisors, obviating the need for specific articulable standards. HZO §§ 24-2306, -4205.

Henrico County filed motions to dismiss in each of the three cases on the grounds that the issues were now moot, arguing that the repeal of the allegedly unconstitutional ordinance meant that the issues were no longer live and that any legally cognizable interest that TEEL had prior to the repeal was now gone. The circuit court held a hearing on Henrico County's motions and issued a letter opinion and final order granting the motions to dismiss. TEEL now appeals.

ANALYSIS

"Where, as here, 'no evidence [has been] taken with regard to [a] motion to dismiss[,] we treat the factual allegations . . . as we do on review of a demurrer.'" *Bragg v. Bd. of Supervisors of Rappahannock Cnty.*, 295 Va. 416, 423 (2018) (first, second and third alterations in original) (quoting *Va. Marine Res. Comm'n v. Clark*, 281 Va. 679, 686 (2011)). We accept "the truth of all material facts that are . . . expressly alleged, impliedly alleged, and which can be inferred from the facts alleged." *Harris v. Kreutzer*, 271 Va. 188, 195-96 (2006). Additionally, because the sufficiency of appellant's pleadings presents "pure questions of law, we do not accord a presumption of correctness to the judgment below, but review the issues de novo." *Philip Morris USA Inc. v. Chesapeake Bay Found., Inc.*, 273 Va. 564, 572 (2007); *see also Bragg*, 295 Va. at 423 ("We . . . review the circuit court's decision to dismiss the petition, and any corresponding issues of statutory interpretation, de novo.").

I.  TEEL's BZA Appeal

We first address TEEL's appeal to the circuit court from the BZA decision denying their petition for a conditional use permit.  Under Code § 15.2-2314, a party aggrieved from a decision by a BZA may file a petition for a writ of certiorari in the circuit court to review the decision of the BZA.  However, because an aggrieved party may not challenge the constitutionality of an ordinance through the certiorari process, the circuit court did not err in dismissing TEEL's petition.[1]

In *Board of Zoning Appeals of James City County v. University Square Associates*, 246 Va. 290 (1993), the Supreme Court of Virginia held that zoning appeal certiorari proceedings are limited in scope and cannot address the constitutionality of ordinances.  At issue in *University Square* was a decision of the James City County Board of Zoning Appeals rejecting a site plan for failure to comply with certain conditions in a special use permit.  *Id.* at 293.  The developer appealed to the circuit court arguing that the BZA condition was "so vague and uncertain that it was totally unenforceable," and the circuit court agreed and reversed the BZA.  *Id.*  The Supreme Court reversed.  *Id.* at 294.  Noting the limited statutory vehicle of BZA appeals, the Supreme Court expressly held that "the certiorari process does not authorize a trial court to rule on the validity or constitutionality of legislation underlying a board of zoning appeals decision."  *Id.*  The Court reasoned:

> Our conclusion is supported by the fact that the proceeding on a writ of certiorari is not a trial *de novo*. *Town of Ashland v. Ashland Inv. Co.*, 235 Va. 150, 155 (1988).  Rather, the trial court's review is limited to determining whether the decision of the board of zoning appeals is plainly wrong or is based on erroneous principles of law. *Masterson v. Board of Zoning Appeals*, 233 Va. 37, 44

---

[1] This Court is obligated to decide cases on the best and narrowest grounds.  *Butcher v. Commonwealth*, 298 Va. 392, 396-97 (2020).  Additionally, this Court may affirm the circuit court's decision for any reason that is apparent from the record.  *Vandyke v. Commonwealth*, 71 Va. App. 723, 731 (2020).  Although the circuit court ruled that TEEL's petition was moot, we hold that the best and narrowest grounds to decide this case is that the statutory certiorari process did not permit the circuit court to consider TEEL's argument that the prior ordinance was unconstitutional.

(1987). Therefore, since the BZA's decision was limited to the issue whether the Zoning Administrator's ruling was correct, the constitutionality of the underlying legislation was not a proper subject for the trial court's review on a writ of certiorari.

*Id.* at 294-95.

In this case, the *sole* basis for TEEL's writ of certiorari to the circuit court was that the Henrico County ordinance authorizing the BZA to grant or deny conditional use permits was unconstitutional. Applying the holding in *University Square*, we hold that the circuit court was not permitted to review the underlying constitutionality of the Henrico County ordinance as a part of the certiorari proceeding, and therefore did not err in dismissing TEEL's petition.

## II. TEEL's Declaratory Judgment and Injunction Appeals

TEEL also argues that the circuit court erred in dismissing its declaratory judgment action and its petition for an injunction as moot. We decline to reach the merits of this argument as TEEL has approbated and reprobated.

Under the approbate and reprobate bar, a litigant may not "in the course of the same litigation occupy inconsistent positions." *Hurley v. Bennett*, 163 Va. 241, 252 (1934). "The approbate-reprobate bar allows the opposing party and the courts to rely on the position first taken when one party affirmatively assumes inconsistent legal positions on their own behalf." *Harvey v. Commonwealth*, 67 Va. App. 336, 349 (2017).

In this case, TEEL's initial filings all alleged that the ordinance permitting the BZA to deny conditional use permits without articulable standards was "void." When a legal instrument is "void" it is "[o]f no legal effect. . . . The distinction between *void* and *voidable* is often of great practical importance. Whenever technical accuracy is required, *void* can be properly applied only to those provisions that are of no effect whatsoever—those that are an absolute nullity." *Void*, *Black's Law Dictionary* (11th ed. 2019). "Virginia law is clear that legal nullities should be treated as though they never occurred." *Hood v. Commonwealth*, 75 Va. App. 358, 366 (2022). However, on appeal

- 5 -

TEEL *now* argues that the circuit court's mootness ruling "deprived [TEEL] of its rights to proceed under the 'old' HZO." It is mutually inconsistent to argue that an ordinance is void and without legal effect while simultaneously arguing that a litigant somehow has rights under that same ordinance. In other words, because TEEL has argued that the ordinance was void, it cannot now be heard to argue that the now-repealed ordinance is of some legal effect entitling TEEL to relief. TEEL's approbation and reprobation is necessarily fatal to its arguments on appeal.

CONCLUSION

Because a party may not challenge the constitutionality of an ordinance in a BZA certiorari proceeding, we affirm the circuit court's dismissal of TEEL's appeal from the BZA's denial of its conditional use permit. Additionally, because TEEL has approbated and reprobated, we affirm the circuit court's dismissal of TEEL's declaratory judgment and injunction actions.

*Affirmed.*