COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, Malveaux and Raphael

JOSEPH R. POPE

v.      Record No. 1835-23-2

KRYSTAL J. LAVIENA

MEMORANDUM OPINION*
PER CURIAM
OCTOBER 29, 2024

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Claire G. Cardwell, Judge

(Joseph R. Pope, on brief), *pro se*.

No brief for appellee.


Joseph Pope appeals the circuit court's dismissal of his petition to set aside two orders

arising from his divorce litigation, orders that he claims caused the Virginia State Bar to revoke

his license to practice law. He argues that the circuit court erred by dismissing his petition as

moot. He also argues that the circuit court lacked jurisdiction to grant his ex-wife's

post-judgment motion for sanctions. Finding Pope's appeal to be wholly without merit, Code

§ 17.1-403(ii)(a); Rule 5A:27(a), we dispense with oral argument and affirm the judgment.

BACKGROUND[1]

When reviewing a circuit court's decision to grant a motion to dismiss based solely on

the pleadings, "we treat the factual allegations . . . as we do on review of a demurrer." *Va. Mfrs.*

*Ass'n v. Northam*, 74 Va. App. 1, 12 (2021) (alteration in original) (quoting *Bragg v. Bd. of*

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] The record in this case was sealed. We unseal only the specific facts stated in this opinion; the rest remains sealed. *Brown v. Virginia State Bar*, 302 Va. 234, 240 n.2 (2023).

*Supervisors*, 295 Va. 416, 423 (2018)). We thus "accept 'the truth of all material facts'" alleged in Pope's petition. *Id.* (quoting *Harris v. Kreutzer*, 271 Va. 188, 195 (2006)).

While their divorce proceedings were pending in the Circuit Court of Henrico County, Pope and Krystal Laviena (wife) filed cross-petitions for protective orders against each other in the Juvenile and Domestic Relations District Court of Henrico County. The JDR court denied wife's petition and entered a protective order in Pope's favor.

Wife appealed the JDR court's rulings to the circuit court. While her appeal was pending, she moved the circuit court to enter "a new protective order" removing "the 100-feet requirement" from the JDR court's protective order.[2] The circuit court granted her motion, dissolved the JDR court's protective order, and entered a new protective order.[3]

The circuit court heard wife's appeal on October 26, 2020. During the hearing, wife reportedly "admitted that [Pope] had never physically assaulted [her] or made any threats of violence." Despite that admission, the circuit court found that Pope had placed wife "in fear of imminent physical harm" because she had been arrested and "spent a night in jail" for violating the JDR court's protective order. The circuit court reversed the JDR court's rulings and entered a protective order in wife's favor. That protective order is not included in the record.

After entry of the protective order, the circuit court entered a sequestration order in the parties' divorce case prohibiting the disclosure "of documents containing false and unjustified allegations, as well as documents that had been obtained in violation of federal law." The sequestration order, which also is not included in the record, purportedly sealed "many of the same documents introduced" during wife's protective-order appeal.

---

[2] The JDR court's protective order is not included in the record. According to Pope, the order required wife "to stay 100 feet away from [him] at all times."

[3] This protective order is also not in the record.

According to Pope, wife "coordinated" with the circuit-court judge who entered the protective order to file a disciplinary complaint against Pope with the Virginia State Bar (VSB). Pope claims that wife "secretly contacted" the judge to obtain an order unsealing certain documents from her protective-order appeal. In response, the circuit-court judge entered an order on September 3, 2021, releasing exhibits submitted during wife's protective-order appeal to the VSB. Pope did not learn of the release order until May 2022.

Pope contends that the VSB revoked his license to practice law based on the protective order and the release order.[4] On May 9, 2023, Pope petitioned the circuit court to set aside both orders as void. Pope claimed that the circuit court lost jurisdiction to enter the protective order after it dissolved the JDR court's protective order. Pope argued that the protective order was void because it was based on ex parte communications and statements that wife later admitted "were untrue." Pope also claimed that the release order was void because it was entered in violation of his due-process rights.

Wife moved to dismiss the petition, arguing that it was moot because the protective order had expired, the VSB had revoked Pope's license to practice law, and Pope had "fully exhausted his right to appeal his disbarment." The circuit court granted wife's motion after a hearing. The record does not include the hearing transcript or a properly filed written statement of facts in lieu

---

[4] According to wife, the VSB revoked Pope's license on July 15, 2022.

of a transcript.[5]  On August 30, 2023, the circuit court entered a final order dismissing Pope's petition "[f]or the reasons stated in [wife's] Motion to Dismiss."

Wife then moved for sanctions against Pope arguing, among other things, that his petition stated "numerous, unnecessary, irrelevant, and/or untrue allegations about [her]."  Pope noted his appeal before the circuit court ruled on wife's motion.  He also advised the circuit court that he would respond to wife's motion "at the conclusion of the appellate process" because, he asserted, his notice of appeal had divested the circuit court of jurisdiction to rule on her motion.

The circuit court awarded wife sanctions in the amount of $11,271.10 on September 19, 2023, 20 days after it had entered its final order.  On October 25, 2023, Pope moved to set aside the sanctions award for lack of jurisdiction.  He also requested that the circuit court grant him leave to appeal the sanctions award under Code § 8.01-428(C).  The circuit court did not rule on Pope's motion.

ANALYSIS

Pope argues that the circuit court erred by dismissing his petition as moot and lacked jurisdiction to sanction him.  We review the circuit court's rulings de novo.  *See Ruderman v.*

---

[5] A written statement of facts becomes a part of the record when it is filed in the trial court "within 60 days after entry of judgment," a copy of the written statement is "mailed or delivered to opposing counsel on the same day that it is filed . . . *accompanied by* notice that such statement will be presented to the trial judge no earlier than 15 days nor later than 20 days after such filing," and "the statement is signed by the trial judge" and filed in the trial court. Rule 5A:8(c) (emphasis added); *see Proctor v. Town of Colonial Beach*, 15 Va. App. 608, 610 (1993) (en banc).  Pope timely filed a proposed written statement of facts in lieu of a transcript, but the record does not demonstrate that he presented it to the circuit court or that he notified wife that he would do so.  And the circuit court did not sign the proposed written statement of facts.  As a result, the proposed written statement of facts in lieu of a transcript is not a part of the record and we do not consider it. *See Clary v. Clary*, 15 Va. App. 598, 600 (1993) (holding that the appellant failed to establish prima facie compliance with the requirements of Rule 5A:8(c)(1) because the appellant "did not deliver the requisite notice to opposing counsel" and "did not present the statement of facts to the trial judge").

- 4 -

*Pritchard*, 76 Va. App. 295, 302 (2022) ("Whether the record establishes subject matter jurisdiction in a particular case is a question of law reviewed de novo on appeal.").

### I. *The record is insufficient to assess Pope's challenge to the protective order.*

Pope argues that the circuit court erred by ruling that his challenge to the validity of the protective order was moot. He does not dispute wife's claim that the order had expired. Instead, he argues that setting aside the order will "assist him in the process of restoring his personal and professional reputation," permit him to "seek compensation for malicious prosecution," and prevent the VSB from "us[ing] anything from that null and void proceeding."

"The trial court's rulings come to us with a presumption of correctness." *Rainey v. Rainey*, 74 Va. App. 359, 377 (2022) (citing *Wynnycky v. Kozel*, 71 Va. App. 177, 192 (2019)). "Because the judgment of the court below is presumed to be correct," the appellant bears the burden to "provide the reviewing court with a sufficient record from which it can be determined whether the trial court erred as the appellant alleges." *White v. Morano*, 249 Va. 27, 30 (1995).

Pope failed to include the protective order in the record. Without seeing the contents of the protective order, we cannot assess whether the order may continue to adversely affect Pope in the manner he claims.[6] Thus, the record is insufficient to determine whether the circuit court erred in dismissing Pope's claim as moot. *See id.*

### II. *The circuit court did not err by dismissing Pope's challenge to the release order.*

Pope next asserts that the circuit court erred by finding that his challenge to the release order was moot. He argues that setting aside the order would "restore [his] right to be free of any public disclosure" of the exhibits released to the VSB. He posits that, if the circuit court granted

---

[6] Pope asks that we take judicial notice of the protective order. But we lack the authority to take judicial notice of an order entered in a separate proceeding in the circuit court. *See Plummer v. Commonwealth*, 211 Va. 706, 707 (1971) (stating that it is "well settled that" an appellate court is "without authority to take . . . notice of the records of the lower court").

his petition, the VSB would have to "destroy" the documents it received under the release order and that "any actions based on the use of those documents" would be "nullif[ied.]"  Pope says that setting aside the release order would void the VSB's order revoking his license to practice law.

"[A] case is moot and must be dismissed when the controversy that existed between litigants has ceased to exist[.]"  *Commonwealth v. Browne*, 303 Va. 90, 91 (2024) (alterations in original) (quoting *Daily Press, Inc. v. Commonwealth*, 285 Va. 447, 452 (2013)).  "Whenever it appears . . . that there is no actual controversy between the litigants, or that, if it once existed, it has ceased to do so, it is the duty of every judicial tribunal not to proceed to the formal determination of the apparent controversy, but to dismiss the case."  *Id.* (quoting *Daily Press, Inc.*, 285 Va. at 452).

We agree that Pope's challenge to the validity of the release order is moot.  According to Pope, the circuit court entered the release order on wife's "motion to authorize the release of . . . exhibits . . . to . . . the Virginia State Bar."  Pope concedes that the exhibits at issue have already been released to the VSB and were used during the VSB's revocation proceedings.  Setting aside the release order, which merely authorized the release of the exhibits, would not undo the disclosure of the exhibits to the VSB.  What is more, a vacatur of the release order would not "void" the VSB's revocation of Pope's license to practice law.  Indeed, the revocation order became final after the Supreme Court dismissed Pope's appeal as untimely.  *See Pope v. Virginia State Bar*, No. 220749 (Va. Jan. 27, 2023) (order).  Thus, the circuit court did not err by granting wife's motion to dismiss because setting aside the release order would not have afforded Pope any substantive relief.  *See E.C. v. Va. Dep't of Juv. Just.*, 283 Va. 522, 530 (2012) ("It is not the office of courts to give opinions on abstract propositions of law, or to decide questions upon

which no rights depend, and where no relief can be afforded." (quoting *Franklin v. Peers*, 95 Va. 602, 603 (1898))).

### III. The circuit court had jurisdiction to enter the sanctions award.

Finally, Pope argues that the circuit court lacked jurisdiction to award sanctions because he filed his notice of appeal before the circuit court entered its sanctions order. Rule 1:1B— which Pope overlooks—provides that where, as here, "a notice of appeal has been filed prior to the expiration of the 21-day period prescribed by Rule 1:1, the circuit court retains *plenary*, concurrent jurisdiction over the case until the expiration of that period." Rule 1:1B(a)(2) (emphasis added).[7] Under that rule, the sanctions award is not void for lack of jurisdiction because the circuit court entered the award 20 days after its final order.

### CONCLUSION

We find no basis to disturb the trial court's judgment. We likewise deny Pope's motion for summary reversal.

*Affirmed.*

---

[7] We assume without deciding that it was unnecessary for appellant to file a second notice of appeal to challenge the sanctions ruling that was made after he filed his notice of appeal.